IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

VIRGIL HARRIS                              )
                                           )
        Plaintiff                          )
                                           )  CIVIL ACTION
v.                                         )
                                           )  FILE NO.
THE LINCOLN NATIONAL LIFE                  )
INSURANCE COMPANY                          )
                                           )
        Defendant                          )

## COMPLAINT

## I. JURISDICTION AND PARTIES

1.

This suit is brought and jurisdiction lies under the Employee Retirement

Income Security Act (hereinafter "ERISA"), 29 U.S.C. § 1001, et seq.

2.

Jurisdiction and venue are proper pursuant to 29 U.S.C. § 1132.

3.

Plaintiff Virgil Harris (hereinafter "Plaintiff") is a citizen of the United States

and of the State of Georgia.

4.

Defendant, The Lincoln National Life Insurance Company ("Defendant") is a

foreign corporation doing business for profit in Georgia.

5.

Defendant may be served with process, pursuant to Rule 4 of the Federal Rules of Civil Procedure, by and through its registered agent, Corporation Service Company, 40 Technology Parkway South, Suite 300, Ben Hill, Norcross, Georgia 30092.

6.

Defendant negotiated, maintained and administered the disability plan at issue in this Complaint.

## II. STATEMENT OF FACTS

7.

Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 6 stated above.

8.

Robert Half International, Inc. contracted with Defendant to provide long term disability and progressive income benefits for its employees.

9.

At all times material to this action, an insurance policy for long term disability and progressive income benefits was in full force and effect constituting a binding

contract between Defendant and Robert Half International, Inc.

10.

Defendant pays long term disability insurance benefits and progressive income benefits to covered employees of Robert Half International, Inc. under this policy from its own assets.

11.

Robert Half International, Inc. offered this coverage to its employees as part of an overall welfare benefit plan, as defined under ERISA.

12.

Plaintiff was an insured employee under Defendant's policy.

13.

Defendant administered the plan and made all decisions as to benefits payable to eligible employees of Robert Half International, Inc.

14.

Plaintiff went out of work on or about October 4, 2016 from his job as an Accounting Manager.

15.

Plaintiff was involved in a motor vehicle accident on October 4, 2016 which resulted in ruptured discs in his neck and back.

16.

Plaintiff has undergone one surgery and additional surgeries are still pending.

17.

Defendant found Plaintiff disabled and paid benefits up to and including April 22, 2019.

18.

On April 30, 2019, Defendant terminated benefits via letter stating that Plaintiff no longer met the definition of disability.

19.

The relevant definition of disability, at this stage, in the policy is: the Covered Person is unable to perform, with reasonable continuity, the Substantial and Material Acts of any occupation, meaning that as a result of sickness or injury the Covered Person is not able to engage with reasonable continuity in any occupation in which he could reasonably be expected to perform satisfactorily in light of his age, education, training, experience, stating in life, and physical and mental capacity.

20.

In the April 30, 2019 letter, Defendant relied upon the findings of a medical record physician reviewer who concluded that Plaintiff had reliable sustainable capability to perform sedentary work.

21.

Defendant also relied upon the findings of a vocational expert who identified sedentary jobs very close to Plaintiff's past job that it felt Plaintiff could perform.

22.

On May 15, 2019, Plaintiff appealed this decision with updated medical records including statements from three treating physicians stating that he was unable to work.

23.

On July 24, 2019, Defendant wrote Plaintiff stating that it needed additional time to make a decision.

24.

The July 24, 2019 letter asking for an additional forty-five days was written well beyond the initial forty-five day period provided in the ERISA regulations.

25.

On August 23, 2019, Defendant upheld its decision on appeal based upon the findings of a physical medicine and rehabilitation doctor who reviewed the records.

26.

Defendant also consulted with an internal medicine doctor who reviewed the records.

27.

Both doctors concluded that there were occupations that Plaintiff could perform beyond April 22, 2019.

28.

This letter was written more than ninety days from the original appeal.

29.

Due to Defendant's failure to follow ERISA regulations, this case should be decided on the *de novo* standard of review.

30.

Administrative remedies have been exhausted.

### III. CLAIM FOR RELIEF

### ENTITLEMENT TO LONG TERM DISABILITY BENEFITS

31.

Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 30 stated above.

32.

Plaintiff is entitled to LTD benefits under Defendant's policy for the following reasons:

a.    These benefits are permitted under the policy and the summary plan

description;

b.      Plaintiff has satisfied all conditions for eligibility for receipt of these benefits;

c.      Plaintiff has not waived or otherwise relinquished his entitlement to these benefits.

33.

As a result of Defendant's failure to pay benefits to Plaintiff, Plaintiff is entitled to relief as outlined below.

## IV. RELIEF REQUESTED

WHEREFORE, Plaintiff requests judgment of this court against Defendant as follows:

(1) Find and hold Defendant owes Plaintiff long term disability benefits from on or about April 22, 2019 and continuing, plus interest on all back benefits;

(2) Find and hold Defendant has breached its fiduciary duties to Plaintiff;

(3) Enjoin Defendant from any further prohibited acts against Plaintiff;

(4) Award attorney's fees with appropriate lodestar, plus litigation expenses and the costs of this action; and

(5) Grant other and further relief as may be just and proper.

[*Signature on following page.*]

This__20th___ day of September, 2019.

ROGERS, HOFRICHTER & KARRH LLC


_s/Heather K. Karrh_

HEATHER K. KARRH
Attorney for Plaintiff
Ga. State Bar No. 408379

Rogers, Hofrichter & Karrh LLC
225 S. Glynn Street, Suite A
Fayetteville, GA 30214
(770) 460-1118