IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

VIRGIL HARRIS,                    )
                                  )
        Plaintiff,                )
                                  )
        v.                        )
                                  )     **CASE NO.: 1:19-cv-4257-ODE**
THE LINCOLN NATIONAL LIFE         )
INSURANCE COMPANY,                )
                                  )
        Defendant.                )
                                  )

## ANSWER

The Lincoln National Life Insurance Company ("Lincoln") answers Plaintiff's Complaint as follows:

## I. JURISDICTION AND PARTIES

1.      In response to paragraph 1 of the Complaint, Lincoln admits that Plaintiff brings this action to recover certain disability insurance benefits pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq., and that this Court has subject matter jurisdiction to hear this action. Lincoln denies that Plaintiff is entitled to any remedy or relief in this action. Unless expressly admitted, Lincoln denies the allegations of paragraph 1.

2. Paragraph 2 of the Complaint contains assertions of law to which no response is required. To the extent a response is required, Lincoln admits that Plaintiff brings this action under ERISA and that this Court has subject matter jurisdiction to hear this action. Lincoln also admits that it does not challenge venue or the Court's exercise of personal jurisdiction in this matter. Lincoln specifically denies that Plaintiff is entitled to any remedy or relief in this action. Unless expressly admitted, Lincoln denies the allegations of paragraph 2.

3. In response to paragraph 3 of the Complaint, Lincoln states that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations; therefore, the allegations of paragraph 3 are denied.

4. In response to paragraph 4 of the Complaint, Lincoln admits that it is an insurance company licensed in Georgia. Unless expressly admitted, Lincoln denies the allegations of paragraph 4.

5. Paragraph 5 of the Complaint contains assertions of law to which no response is required. To the extent a response is required, Lincoln admits only that it does not contest service of process in this case. Unless expressly admitted, Lincoln denies the allegations of paragraph 5.

6. In response to paragraph 6 of the Complaint, Lincoln admits that Plaintiff was at one time employed by Robert Half International Inc. ("Robert Half").

Lincoln admits that Robert Half established and maintained an employee welfare benefit plan that was funded in part by a Group Disability Income Policy, Policy Number GF3-860-066675-01 (the "Group Policy") that Lincoln issued to Robert Half. Lincoln admits that it was the claims administrator responsible for interpreting the terms of the Group Policy and making benefit determinations under the Group Policy. Answering further, Lincoln states that the Group Policy, which is set forth in the Administrative Record, is a written document that speaks for itself. Lincoln refers to the Group Policy and denies the allegations of paragraph 6 to the extent they are incomplete or inconsistent with the terms of the Group Policy. Unless expressly admitted, Lincoln denies the allegations of paragraph 6.

## II. STATEMENT OF FACTS

7. In response to paragraph 7 of the Complaint, Lincoln repeats and re-alleges every answer set forth above to paragraphs 1 through 6 of the Complaint as if fully set forth again herein.

8. In response to paragraph 8 of the Complaint, Lincoln admits that Robert Half established and maintained an employee welfare benefit plan that was funded in part by the Group Policy issued by Lincoln. Lincoln admits that at one time Plaintiff, as a Robert Half employee, was insured under the Group Policy. Answering further, Lincoln states that the Group Policy, which is set forth in the

Administrative Record, is a written document that speaks for itself. Lincoln refers to the Group Policy and denies the allegations of paragraph 8 to the extent they are incomplete or inconsistent with the terms of the Group Policy. Unless expressly admitted, Lincoln denies the allegations of paragraph 8.

9. In response to paragraph 9 of the Complaint, Lincoln admits that Robert Half established and maintained an employee welfare benefit plan that was funded in part by the Group Policy issued by Lincoln. Answering further, Lincoln states that the Group Policy, which is set forth in the Administrative Record, is a written document that speaks for itself. Lincoln refers to the Group Policy and denies the allegations of paragraph 9 to the extent they are incomplete or inconsistent with the terms of the Group Policy. Unless expressly admitted, Lincoln denies the allegations of paragraph 9.

10. In response to paragraph 10 of the Complaint, Lincoln admits that Robert Half established and maintained an employee welfare benefit plan that was funded in part by the Group Policy issued by Lincoln. Lincoln admits that it was the claims administrator responsible for interpreting the terms of the Group Policy and making benefit determinations under the Group Policy. Lincoln also admits that it was responsible for paying benefits under the Group Policy to eligible claimants who proved entitlement thereto. Answering further, Lincoln refers to the Group Policy

and denies the allegations of paragraph 10 to the extent they are incomplete or inconsistent with the terms of the Group Policy. Unless expressly admitted, Lincoln denies the allegations of paragraph 10.

11. In response to paragraph 11 of the Complaint, Lincoln admits that Robert Half established and maintained an employee welfare benefit plan that was funded in part by the Group Policy issued by Lincoln. Lincoln admits that the Group Policy and claims for benefits thereunder are governed by ERISA. Answering further, Lincoln refers to the Group Policy and denies the allegations of paragraph 11 to the extent they are incomplete or inconsistent with the terms of the Group Policy. Unless expressly admitted, Lincoln denies the allegations of paragraph 11.

12. In response to paragraph 12 of the Complaint, Lincoln admits that Plaintiff was at one time employed by Robert Half. Lincoln admits that Robert Half established and maintained an employee welfare benefit plan that was funded in part by the Group Policy. Lincoln admits that at one time Plaintiff, as a Robert Half employee, was insured under the Group Policy. Answering further, Lincoln states that the Group Policy, which is set forth in the Administrative Record, is a written document that speaks for itself. Lincoln refers to the Group Policy and denies the allegations of paragraph 12 to the extent they are incomplete or inconsistent with the

terms of the Group Policy. Unless expressly admitted, Lincoln denies the allegations of paragraph 12.

13. In response to paragraph 13 of the Complaint, Lincoln admits that Robert Half established and maintained an employee welfare benefit plan that was funded in part by the Group Policy issued by Lincoln. Lincoln admits that it was the claims administrator responsible for interpreting the terms of the Group Policy and making benefit determinations under the Group Policy. Answering further, Lincoln states that the Group Policy, which is set forth in the Administrative Record, is a written document that speaks for itself. Lincoln refers to the Group Policy and denies the allegations of paragraph 13 to the extent they are incomplete or inconsistent with the terms of the Group Policy. Unless expressly admitted, Lincoln denies the allegations of paragraph 13.

14. In response to paragraph 14, Lincoln admits only that plaintiff ceased working on or around October 4, 2016, allegedly due to certain medical conditions. Unless expressly admitted, Lincoln denies the allegations of paragraph 14.

15. Paragraph 15 appears to refer to documents set forth in the administrative record. Lincoln refers to the Administrative Record and denies the allegations of paragraph 15 to the extent they are incomplete or inconsistent with Plaintiff's medical records as set forth in the Administrative Record. Unless

expressly admitted, Lincoln denies the allegations contained in paragraph 15 of the Complaint.

16. In response to paragraph 16, Lincoln states that medical records and other documents concerning Plaintiff's purported symptoms, conditions, and treatment are set forth in the Administrative Record and speak for themselves. Lincoln refers to the Administrative Record and denies the allegations of paragraph 16 to the extent they are incomplete or inconsistent with Plaintiff's medical records as set forth in the Administrative Record. Unless expressly admitted, Lincoln denies the allegations contained in paragraph 16 of the Complaint.

17. In response to paragraph 17, Lincoln admits only that via letter dated May 26, 2017, which is set forth in the Administrative Record and speaks for itself, that it initially determined that Plaintiff met his burden of proving disability under the Group Policy. Lincoln refers to the Administrative Record and denies the allegations of paragraph 17 to the extent they are incomplete or inconsistent with the Administrative Record. Unless expressly admitted, Lincoln denies the allegations contained in paragraph 17 of the Complaint.

18. In response to paragraph 18, Lincoln admits only that via letter dated April 30, 2019, which is set forth in the Administrative Record and speaks for itself, that it informed Plaintiff that he failed to meet his ongoing burden of proving

disability under the Group Policy beyond April 22, 2019. Lincoln refers to the Administrative Record and denies the allegations of paragraph 18 to the extent they are incomplete or inconsistent with the Administrative Record. Unless expressly admitted, Lincoln denies the allegations contained in paragraph 18.

19. In response to paragraph 19, Lincoln admits that Plaintiff has quoted a portion of the Group Policy, which is contained in the Administrative Record and speaks for itself. Answering further, Lincoln refers to the entire Group Policy and denies the allegations of paragraph 19 to the extent they are incomplete or inconsistent with the actual terms of the Group Policy or any part of the Administrative Record. Unless expressly admitted, Lincoln denies the allegations of paragraph 19.

20. In response to paragraph 20, Lincoln states that its letter of April 30, 2019, is set forth in the Administrative Record and speak for itself. Lincoln refers to the Administrative Record and denies the allegations of paragraph 20 to the extent they are incomplete or inconsistent with the letter as set forth in the Administrative Record. Unless expressly admitted, Lincoln denies the allegations contained in paragraph 20.

21. In response to paragraph 21, Lincoln states that its letter of April 30, 2019, is set forth in the Administrative Record and speak for itself. Lincoln refers

to the Administrative Record and denies the allegations of paragraph 21 to the extent they are incomplete or inconsistent with the letter as set forth in the Administrative Record. Unless expressly admitted, Lincoln denies the allegations contained in paragraph 21.

22. In response to paragraph 22, Lincoln admits that Plaintiff pursued an administrative appeal of the April 30, 2019 decision as by letter dated May 15, 2019. The appeal letter and documents submitted in conjunction therewith are set forth in the Administrative Record and speak for themselves. Lincoln denies the allegations contained in paragraph 22 to the extent they are incomplete or inconsistent with the appeal letter and associated materials. Unless expressly admitted, Lincoln denies the allegations of paragraph 22.

23. In response to paragraph 23, Lincoln states that its letter of July 24, 2019, is set forth in the Administrative Record and speak for itself. Lincoln refers to the Administrative Record and denies the allegations of paragraph 23 to the extent they are incomplete or inconsistent with the letter as set forth in the Administrative Record. Unless expressly admitted, Lincoln denies the allegations contained in paragraph 23.

24. In response to paragraph 24, Lincoln states that its letter of July 24, 2019, is set forth in the Administrative Record and speak for itself. Lincoln refers

to the Administrative Record and denies the allegations of paragraph 24 to the extent they are incomplete or inconsistent with the letter as set forth in the Administrative Record. Unless expressly admitted, Lincoln denies the allegations contained in paragraph 24.

25. In response to paragraph 25, Lincoln states its appeal uphold letter of August 23, 2019, is set forth in the Administrative Record and speaks for itself. Lincoln refers to that letter and denies the allegations of paragraph 25 to the extent they are incomplete or inconsistent with that letter or any part of the Administrative Record. Unless expressly admitted, Lincoln denies the allegations of paragraph 25.

26. In response to paragraph 26, Lincoln states that Dr. Houghton's report of July 24, 2019, is set forth in the Administrative Record and speaks for itself. Lincoln refers to that report and denies the allegations of paragraph 26 to the extent they are incomplete or inconsistent with that letter or any part of the Administrative Record. Unless expressly admitted, Lincoln denies the allegations of paragraph 26.

27. In response to paragraph 27, Lincoln states that the reports of Dr. Houghton and Dr. Natarajan are set forth in the Administrative Record and speak for themselves. Lincoln refers to that reports and denies the allegations of paragraph 27 to the extent they are incomplete or inconsistent with that letter or any part of the

Administrative Record. Unless expressly admitted, Lincoln denies the allegations of paragraph 27.

28. In response to paragraph 28, Lincoln states that it is unaware of the "letter" to which Plaintiff refers and is unaware of the date of the "letter" to which Plaintiff refers in paragraph 28; therefore, Lincoln is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations; therefore, the allegations of paragraph 28 are denied.

29. Lincoln denies the allegations contained in paragraph 29 of the Complaint.

30. In response to paragraph 30, Lincoln admits only that Plaintiff took the number of administrative appeals required by ERISA and the plan. Unless expressly admitted, Lincoln denies the allegations of paragraph 30.

### III.  CLAIM FOR RELIEF

### ENTITLEMENT TO LONG TERM DISABILITY BENEFITS

31. In response to paragraph 31, Lincoln repeats and re-alleges every answer set forth above to paragraphs 1 through 30 of the Complaint as if fully set forth again herein.

32. Lincoln denies the allegations contained in paragraph 32 of the Complaint.

33.  Lincoln denies the allegations contained in paragraph 33 of the Complaint.

### FIRST DEFENSE

The Complaint and each and every purported claim for relief therein fails to state a claim for which relief can be granted.

### SECOND DEFENSE

Plaintiff's claims against Lincoln, if any, arise under the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, *et seq*.  To the extent the Complaint makes claims and seeks remedies not provided for under ERISA, those claims and those remedies are pre-empted by ERISA.  *See Pilot Life v. Dedeaux*, 481 U.S. 41 (1987).

### THIRD DEFENSE

Plaintiff's recovery herein, if any, is limited by the terms, conditions, limitations, exclusions and other provisions of the Group Policy.

### FOURTH DEFENSE

Lincoln has complied with and performed all of its promises, obligations, and duties to Plaintiff, and the handling of Plaintiff's claim for benefits complied fully with the terms and conditions of ERISA.

## FIFTH DEFENSE

Lincoln's actions were taken in good faith in accordance with the provisions of the Group Policy.

## SIXTH DEFENSE

Plaintiff's claims are barred by his failure to submit sufficient proof pursuant to the terms of the Group Policy.

## SEVENTH DEFENSE

Plaintiff has no legal entitlement to recover attorneys' fees under ERISA because Lincoln's handling of Plaintiff's claim was reasonable and all actions in the handling of said claim were taken in good faith.

## EIGHTH DEFENSE

Each and every act or statement done or made by Lincoln and its officers, employees, and agents with reference to Plaintiff was a good faith assertion of Lincoln's rights and, therefore, was privileged and justified.

## NINTH DEFENSE

Lincoln's decisions were neither arbitrary nor capricious nor incorrect.

## TENTH DEFENSE

Lincoln has reasonably and substantially complied with all applicable statutes and regulations.

## ELEVENTH DEFENSE

The Group Policy, in whole or in part, contains monthly benefits reductions, including but not limited to reductions for workers' compensation, retirement benefits, other income and Social Security benefits. Even if Plaintiff is eligible for benefits, which Lincoln denies, Lincoln is entitled to offset payment of benefits by other income.

## TWELFTH DEFENSE

Even if Plaintiff is currently disabled and eligible for benefits, which Lincoln denies, such determinations do not mean that Plaintiff is entitled to unlimited future benefits given, *inter alia*, the possibility of recovery, as well as the effect of different requirements, exclusions and/or limitations thereunder.

## THIRTEENTH DEFENSE

Plaintiff is limited to the evidence and arguments presented during the administrative process.

## FOURTEENTH DEFENSE

Plaintiff's request for jury trial, if any, must be stricken as no right to a jury trial is available under ERISA.

## FIFTEENTH DEFENSE

There is no vesting of benefits under the Group Policy, and thus Plaintiff may not recover the benefits for any future period of disability, but rather must provide periodic proof of any alleged continuing disability.

## SIXTEENTH DEFENSE

Lincoln reserves the right to amend, modify, or plead additional defenses based upon facts or information ascertained as this matter proceeds.

**WHEREFORE**, Defendant respectfully prays the Court as follows:

1. Plaintiff's Complaint be dismissed with prejudice in its entirety;

2. Plaintiff have an recover nothing from Defendant;

3. Plaintiff's prayer for relief be denied in its entirety;

4. The Court enter judgment in favor of Defendant;

5. The costs of this action be taxed against Plaintiff; and

6. Defendant have such other and further relief as the Court shall deem just and proper.

Respectfully submitted this 20th day of December 2019.

Ogletree, Deakins, Nash,
  Smoak & Stewart, P.C.

By:  */s/ Amy E. Jensen*
       Amy E. Jensen
Georgia Bar No. 874759
Ogletree, Deakins, Nash,
  Smoak & Stewart, P.C.
191 Peachtree Street, N.E., Suite 4800
Atlanta, Georgia 30303
Telephone:  (404) 881-1300
Fax:  (404) 870-1732
amy.jensen@ogletreedeakins.com


By:   */s/ Hannah S. Symonds*
       Hannah Styron Symonds
N.C. State Bar No. 28824
*Pro Hac Vice Anticipated*
4208 Six Forks Road
Suite 1100
Raleigh, NC 27609
Mobile: 919-349-9258
Telephone: 919-760-4149
Facsimile: 919-783-9412
Email: Hannah.Symonds@ogletree.com

*Attorneys for Defendants*

| | |
|---|---|
| VIRGIL HARRIS,<br><br>    Plaintiff,<br><br>    v.<br><br>THE LINCOLN NATIONAL LIFE<br>INSURANCE COMPANY,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)   **CASE NO.: 1:19-cv-4257-ODE**<br>)<br>)<br>)<br>)<br>)<br>) |

## **CERTIFICATE OF SERVICE**

The undersigned attorney for Defendants certifies that on this day the foregoing was filed with the Clerk of Court using the CM/ECF system which will provide notification of such filing upon counsel for Plaintiff in this action via the CM/ECF system and addressed as follows:

> Heather K. Karrh
> Rogers, Hofrichter & Karrh LLC
> 225 S. Glynn Street, Suite A
> Fayetteville, GA  30214
> (770) 460-1118

This is the 20th day of December 2019.

By:  /s/ *Amy Jensen*
Amy Jensen

41179464.1