IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| VIRGIL HARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **CASE NO.: 1:19-cv-4257-ODE** |
| THE LINCOLN NATIONAL LIFE | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

Now come Plaintiff Virgil Harris and Defendant The Lincoln National Life

Insurance Company, and submit the following joint preliminary planning report

and discovery plan, pursuant to Local Rule 16.2:

1. **Description of Case:**

(a) **Describe briefly the nature of this action:**

This is an ERISA case for long-term disability benefits payable under a

policy insured by Defendant The Lincoln National Life Insurance Company.

(b) **Summarize, in the space provided below, the facts of this case.**

**The summary should not be argumentative nor recite evidence.**

Plaintiff was at one point employed by Robert Half International, Inc. as an accounting consultant. Defendant issued a policy of long-term disability insurance to Plaintiff's employer to fund, in part, the employer's employee welfare benefits plan. Plaintiff stopped working on or about October 14, 2016, claiming that he was disabled due to certain medical conditions. Plaintiff filed a claim for long-term disability benefits. On April 30, 2019, Defendant advised Plaintiff that benefits were not payable beyond that date. Plaintiff took the required number of appeals required by the Plan and filed this action.

**(c)** **The legal issues to be tried are as follows**:

    (1)    Whether Plaintiff submitted objectively satisfactory evidence to prove his alleged entitlement to the ERISA benefits sought.

    (2)    Whether either party may recover attorney's fees.

**(d)** **The cases listed below are:**

    (1)    Pending Related Cases:  None

    (2)    Previously Adjudicated Related Cases: None

**2.** **This case is complex because it possesses one or more of the features listed below (please check):**

    \_\_\_\_\_(1)    Unusually large number of parties

    \_\_\_\_\_(2)    Unusually large number of claims or defenses

_____(3)    Factual issues are exceptionally complex

_____ (4)    Greater than normal volume of evidence

_____(5)    Extended discovery period is needed

_____(6)    Problems locating or preserving evidence

_____(7)    Pending parallel investigations or action by government

_____(8)    Multiple use of experts

_____(9)    Need for discovery outside United States boundaries

_____(10)   Existence of highly technical issues and proof

This case is not complex.

**3.    Counsel:**

The following individually named attorneys are hereby designated as lead counsel for the parties:

Plaintiff:    Heather K. Karrh
Rogers, Hofrichter & Karrh, LLC
225 S. Glynn Street, Suite A
Fayetteville, GA 30214
(770)460-1118
hkarrh@rhkpc.com

Defendant:  Hannah Styron Symonds
Admitted *Pro Hac Vice*
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
8529 Six Forks Road, Forum IV, Suite 600
Raleigh, NC 27615
(919)760-4149
hannah.symonds@ogletree.com

**4.** **<u>Jurisdiction</u>:**

Is there any question regarding this Court's jurisdiction?

(   )  Yes          ( X ) No

If "yes", please attach a statement, not to exceed one (1) page, explaining the jurisdictional objection.  When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based.  Each objection should be supported by authority.

**5.** **<u>Parties To This Action</u>:**

(a)    The following persons are necessary parties who have not been joined:
None

(b)    The following persons are improperly joined as parties:

None.

(c)    The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:

None.

(d)    The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of the parties or errors in the statement of a party's name.

**6.** **<u>Amendments to the Pleadings</u>:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15. Further instructions regarding amendments are contained in LR 15.

(a)     List separately any amendments to the pleadings which the parties anticipate will be necessary:

None.

(b)     Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the preliminary report and discovery schedule is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

**7.     <u>Filing Times for Motions</u>:**

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY (30) DAYS after the preliminary report and discovery schedule is filed or should have been filed, unless the filing party has obtained prior permission of the Court to file later. Local Rule 7.1A(2).

(a)     Motions to Compel: Before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

(b) Summary Judgment Motions: Within thirty (30) days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

(c) Other Limited Motions: Refer to Local Rules 7.2, 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d) Motions Objecting to Expert Testimony: Any *Daubert* Motions relating to a dispositive motion must be filed within twenty-one (21) days after the court's ruling on the last pending motion for summary judgment. If no summary judgment motion is filed by the date that dispositive motions are due, then any *Daubert* motion shall be filed within twenty-one (21) days after the due date for filing dispositive motions.

If any evidentiary hearing is necessary for the resolution of a *Daubert* motion, the party requesting the hearing shall file a written request for hearing at the time of the filing of the motion or the response to the motion.

**8.** **Initial Disclosures:**

This is an ERISA benefit dispute; therefore, the evidence is principally limited to the written record that was compiled during the Plaintiff's claim for benefits. This record evidence will be produced by Lincoln to Plaintiff on or before February 7, 2020. No other initial disclosures are necessary or anticipated at this time.

**9.** **Request for Scheduling Conference:**

Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.

The parties do not request a scheduling conference with the Court at this time.

**10.** **Discovery Period:**

The discovery period commences thirty (30) days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this Court are assigned to one of the following three (3) discovery tracks: (a)zero (0)-months discovery period, (b) four (4)-months discovery period, and (c) eight (8)-months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to

which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery maybe needed:

By Plaintiff: Plaintiff may seek the discovery of evidence, including but not limited to documents and/or oral testimony by deposition from Defendant with regard to the potential conflict of interest in this case and the qualifications of the medical reviewers hired by Defendant.

By Defendant: Defendant contends that discovery is limited to the production of the administrative record —which is comprised of the applicable plan documents and the claims file pertaining to Plaintiff's claim for benefits. Defendant reserves the right to object to any discovery sought by Plaintiff.

## 11. **Discovery Limitation and Discovery of Electronically Stored Information:**

(a) What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?

(b) Is any party seeking discovery of electronically stored information?

   X    Yes         No

If "yes,"

(1)    The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witness) as follows:

The parties have discussed the possibility of electronically stored information and do not anticipate any problems with this issue.

(2)    The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image file Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:

The parties have agreed that electronically stored information may be produced via link or disc and PDF.  Parties do not anticipate any problems with this issue.

## 12.    **Other Orders:**

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

The parties do not presently believe that the Court should enter any other orders under Rule 26(c) or Rule 16(b) and (c).

## 13.    **Settlement Potential:**

(a)     Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on January 6, 2020.  Other persons who participated in the settlement discussions are listed according to party.

(b)     All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

(   )   A possibility of settlement before discovery.

( X )   A possibility of settlement after discovery.

(   )   A possibility of settlement, but a conference with the judge is needed.

(   )   No possibility of settlement.

(c)     Counsel (X) do or (   ) do not intend to hold additional settlement conferences amount themselves prior to the close of discovery.  The proposed date of the next settlement conference is undetermined.

(d)     The following specific problems have created a hindrance to settlement of this case:

None.

## 14.    **Trial by Magistrate Judge:**

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a)     The parties (_____) do consent to having this case tried before a magistrate judge of this Court.  A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this _____day of _____, 2020.

(b)     The parties ( X ) do not consent to having this case tried before a magistrate judge of this court.

This the 21st day of January, 2020.

*s/ Heather K. Karrh*
Heather K. Karrh
Georgia Bar No. 408379
Attorneys for Plaintiff
ROGERS, HOFRICHTER &
KARRH, LLC
225 S. Glynn Street, Suite A
Fayetteville, GA 30214
(770)460-1118 (telephone)
(770)460-1920 (facsimile)

*s/Amy E. Jensen*
Amy E. Jensen
Georgia Bar No. 874759
OGLETREE, DEAKINS, NASH,
   SMOAK & STEWART, P.C.
191 Peachtree Street, N.E., Suite 4800
Atlanta, GA 30303
(404)881-1300 (telephone)
(404)870-1732 (facsimile)

Hannah Styron Symonds
Admitted *Pro Hac Vice*
N.C. State Bar No. 28824
Forum IV
8529 Six Forks Road, Suite 600
Raleigh, NC 27615
(919)760-4149 (telephone)
(919)783-9412 (facsimile)

## SCHEDULING ORDER

Upon review of the information contained in the Preliminary Report and Discovery Schedule form completed and filed by the parties, the court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as stated in the above completed form.

IT IS SO ORDERED, this ____day of January, 2020.

**ORINDA D. EVANS**
**UNITED STATES DISTRICT JUDGE**

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

VIRGIL HARRIS,

     Plaintiff,

     v.

THE LINCOLN NATIONAL LIFE
INSURANCE COMPANY,

     Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)

**CASE NO.: 1:19-cv-4257-ODE**

## CERTIFICATE OF SERVICE

The undersigned attorney for Defendant certifies that on this day the foregoing

was filed with the Clerk of Court using the CM/ECF system which will provide

notification of such filing upon counsel for Plaintiff in this action via the CM/ECF

system and addressed as follows:

> Heather K. Karrh
> Rogers, Hofrichter & Karrh LLC
> 225 S. Glynn Street, Suite A
> Fayetteville, GA  30214
> (770) 460-1118
> hkarrh@rhkpc.com

This the 21st day of January 2020.

By:   */s/ Amy Jensen*
         Amy Jensen

41307739.1