**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| VIRGIL HARRIS,<br>        Plaintiff,<br><br>v.<br><br>LINCOLN LIFE ASSURANCE<br>COMPANY OF BOSTON,<br>        Defendant. | CIVIL ACTION NO.:<br>1:19-cv-4257-CC |

### DEFENDANT'S RESPONSE TO PLAINTIFF'S LOCAL RULE 56.1 STATEMENT OF UNDISPUTED MATERIAL FACTS

Pursuant to Local Rule 56.1(B)(1), Defendant Lincoln Life Assurance Company of Boston ("Lincoln") submits this Response to Plaintiff's Statement of Undisputed Material Facts (ECF Doc. #36-2).

### Introductory Statement and General Objection

This is an action for disability benefits under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001 *et seq.*, and the Court must review Lincoln's determination below under the deferential "arbitrary and capricious" standard and on the basis of the Administrative Record that was before Lincoln at the time of its final determination. *See*, *e.g.*, Metropolitan Life Ins. Co. v. Glenn, 554 U.S. 105, 111 (2008); Firestone Tire & Rubber Co. v. Bruch, 489

1

U.S. 101, 109 (1989); Alexandra H. v. Oxford Health Ins. Inc., 833 F.3d 1299, 1311–12 (11th Cir. 2016); Blankenship v. Metropolitan Life Ins. Co., 644 F.3d 1350, 1355 (11th Cir. 2011).  Thus, summary judgement is merely the procedural "vehicle for resolving conclusively—in the light of the record before the plan administrator—the question of the reasonableness of the administrative determinations in this case."  Blankenship, 644 F.3d at 1354, n.4 (citing Leahy v. Raytheon Co., 315 F.3d 11, 16–18 (1st Cir. 2002)).  Said another way, the district court "sits more as an appellate tribunal than as a trial court" in that it "does not take evidence, but rather, evaluates the reasonableness of an administrative determination."  Leahy, 315 F.3d at 18; *see also*, *e.g*., Curran v. Kemper Nat. Servs., Inc., 2005 WL 894840 (11th Cir. Mar. 16. 2005)(quoting Leahy).

Accordingly, the undisputed facts necessary to warrant summary judgment are limited to those that establish this Court's jurisdiction, bring the case within coverage of ERISA, and show the contents of the Administrative Record.  None of those facts are genuinely disputed, and this case is ripe for summary disposition.

By contrast, any disputes over the reasonableness or correctness of Lincoln's determination—including any disagreements as to the proper characterization, interpretation, or weight to be given to the various materials contained in the Administrative Record—are legal arguments to be resolved by the Court and not

"factual disputes" in the ordinary summary judgment sense.  *See*, *e.g*., Bauman *ex*

*rel*. Summer v. Publix Super Markets, Inc. Employee Stock Ownership Plan, 2017

WL 5236148 at *5 (N.D. Ga. March 17, 2017)(explaining that there "may indeed

be unresolved factual issues evidence in the administrative record, but unless the

administrator's decision was wrong, or arbitrary and capricious, these issues will

not preclude summary judgment as they normally would.")(quoting Pinto v. Aetna

Life Ins. Co., 2011 WL 536443 at *8 (M.D. Fla. Feb. 15, 2011)); Graham v. Life

Ins. Co. of N. America, 222 F. Supp. 3d 1129, 1136 (N.D. Ga. 2016)(same); Bates

v. Metropolitan Life Ins. Co., 2009 WL 2355834 at *1 (M.D. Ga. July 27,

2009)("Thus, the role of the district court in ERISA matters is not to determine

whether issues of fact exist for trial but to review the administrative record before

it under the ERISA framework and make adjudications on both fact and law as

would occur in a bench trial while handling the [matter] in an expedited fashion

resembling summary judgement.")(internal quotation omitted); Wimmer v.

Hewlett-Packard Co., 2009 WL 1066844 at *2 (N.D. Ga. July 14, 2009)(stating

that "the typical summary judgment standard does not apply").

Here, in disregard of the applicable standard of review, Plaintiff's Statement

of Material Facts (ECF Doc. #36-2) contains many paragraphs which merely

characterize (or mischaracterize) the contents of the Administrative Record and

3

otherwise constitute legal argument about purported "facts" underlying his disability claim. As ERISA does not contemplate an evidentiary hearing on the underlying merits of the claim, Plaintiff's assertion of such purported "facts" is wholly improper, and Lincoln objects to Plaintiff's inclusion of such matters in his Statement of Material Facts. *See*, *e.g*., Blankenship, 644 F.3d at 1354, n.4; Leahy, 315 F.3d at 18.

Accordingly, large portions of Plaintiff's statement should be stricken, including Paragraphs 2, 5–54, 56–68, 70–92, 95–100, 102–107, 110–114, 117–147, 149–167, 169, and 171 in their entirety.

Nevertheless, to preserve the record and avoid any inadvertent admission of the arguments and characterizations that Plaintiff improperly presents as "facts" in his statement, Lincoln provides the following detailed responses.

## I.      STATEMENT OF FACTS

### A.      OCCUPATION AND POLICY PROVISIONS

**1.      Harris worked for Robert Half International, Inc. as an accounting consultant.  (LIB 1).**

1.      Plaintiff's former employment and eligibility for coverage are not disputed for purposes of the pending cross-motions. Lincoln also does not dispute that the document LIB001 is contained in the Administrative Record. Lincoln refers to that document and objects Plaintiff's characterization of it to the extent

incomplete or inconsistent with the actual terms of the document as set forth in the

Administrative Record.

**2.    Harris' occupation was a full time sedentary occupation requiring the ability to organize and reason, handle precise work, consult with staff and customers, and calculate and evaluate data amongst other duties. (LIB 353-54).**

2.    Objection; under the appropriate standard of review in this case, this

purported fact constitutes legal argument in that it construes and characterizes a

document contained in the Administrative Record.  Lincoln does not dispute that

the documents LIB0353–54 are contained in the Administrative Record.  Lincoln

refers to those documents and objects to Plaintiff's characterization of them to the

extent incomplete or inconsistent with the actual terms of the documents as set

forth in the Administrative Record.  Here, the document shows that Rehabilitation

Counselor Alicia Powell prepared a Transferable Skills Analysis ("TSA") and

identified six "sedentary" occupations, including Plaintiff's own occupation of

accountancy, that Plaintiff could perform in light of his education, training, and

employment background and within the medical limitations determined by Dr.

Howard Grattan.  LIB0354

**3.    As a result of his employment, Harris was covered by a disability policyinsured by Defendant, the Lincoln Life Assurance Company of Boston (hereinafter Defendant). (LIB 1455-1551).**

5

3.      Plaintiff's former employment and eligibility for coverage are not disputed for purposes of the pending cross-motions.  Lincoln also does not dispute that the document LIB1455–1551 is contained in the Administrative Record. Lincoln refers to that document and objects to Plaintiff's characterization of it to the extent incomplete or inconsistent with the actual terms of the document as set forth in the Administrative Record.

**4.      Under the policy "Disability" or "Disabled" means:**

**i. that during the Elimination Period and the next 24 months of Disability the Covered Person, as a result of Injury or Sickness, is unable to perform with reasonable continuity the Substantial and Material Acts necessary to pursue his Own Occupation in the usual and customary way; and**

**ii. Thereafter, the Covered Person is unable to perform, with reasonable continuity, the Substantial and Material Acts of any occupation, meaning that as a result of sickness or injury the Covered Person is not able to engage with reasonable continuity in any occupation in which he could reasonably be expected to perform satisfactorily in light of his age, education, training, experience, station in life, and physical and mental capacity. (LIB 1465)**

4.      Lincoln also does not dispute that the document LIB1465 is contained in the Administrative Record.  Lincoln refers to that document and objects to Plaintiff's characterization of it to the extent incomplete or inconsistent with the actual terms of the document as set forth in the Administrative Record.

6

### B.    MEDICAL CONDITION AND PAYMENT OF BENEFITS

**5.    Prior to an October 4, 2016 motor vehicle accident, Harris' medical records reflect some low intensity (2/10) back pain related to another motor vehicle accident in approximately 2013. (LIB 822).**

5.    Objection; under the appropriate standard of review in this case, this purported fact constitutes legal argument in that it construes and characterizes a document contained in the Administrative Record.  Lincoln does not dispute that the document LIB822 is contained in the Administrative Record.  Lincoln refers to that document and to the entire Administrative Record and objects to Plaintiff's characterization of the document to the extent incomplete or inconsistent with its actual terms or any part of the Administrative Record.  Here, for example, the record also contains a progress note by Dr. Seema Kini's dated July 18, 2016, that shows, prior to the October 2016 motor vehicle accident, Plaintiff complained of "back pain with spasms," and Dr. Kini recorded his pain score as "10 - Worst pain ever."  LIB0129.

**6.    Primarily the medical records prior to the October 2016 accident reflect hidradenitis suppurativa (a condition which causes painful lumps to form under the skin), elevated blood pressure and vitamin D deficiency. (LIB 1159-1175).**

6.    Objection; under the appropriate standard of review in this case, this purported fact constitutes legal argument in that it construes and characterizes documents contained in the Administrative Record.  Lincoln does not dispute that

the documents LIB1159–1175 are contained in the Administrative Record. Lincoln refers to those documents and to the entire Administrative Record and objects to Plaintiff's characterization of the documents to the extent incomplete or inconsistent with their actual terms or any part of the Administrative Record. The records in question also show Plaintiff's report of chronic back pain. For example, the record also contains a progress note by Dr. Seema Kini's dated July 18, 2016, that shows, prior to the October 2016 motor vehicle accident, Plaintiff complained of "back pain with spasms," and Dr. Kini recorded his pain score as "10 - Worst pain ever." LIB0129.

**7.      The records show that he had a surgery for his hidradenitis on April 19, 2016.  (LIB 118-120).**

7.      Objection; under the appropriate standard of review in this case, this purported fact constitutes legal argument in that it construes and characterizes documents contained in the Administrative Record.  Lincoln does not dispute that the documents LIB0118–20 are contained in the Administrative Record.  Lincoln refers to those documents and to the entire Administrative Record and objects to Plaintiff's characterization of the documents to the extent incomplete or inconsistent with their actual terms or any part of the Administrative Record.

**8.      The records show that Harris' hidradenitis was resistant to conservative management. (LIB 1068-69).**

8.      Objection; under the appropriate standard of review in this case, this purported fact constitutes legal argument in that it construes and characterizes documents contained in the Administrative Record.  Lincoln does not dispute that the documents LIB1068–69 are contained in the Administrative Record.  Lincoln refers to those documents and to the entire Administrative Record and objects to Plaintiff's characterization of the documents to the extent incomplete or inconsistent with their actual terms or any part of the Administrative Record.

**9.      He was also found to have Hepatitis B. (LIB 1237).**

9.      Objection; under the appropriate standard of review in this case, this purported fact constitutes legal argument in that it construes and characterizes a document contained in the Administrative Record.  Lincoln does not dispute that the document LIB1237 is contained in the Administrative Record.  Lincoln refers to that document and to the entire Administrative Record and objects to Plaintiff's characterization of the document to the extent incomplete or inconsistent with its actual terms or any part of the Administrative Record.

**10.      He also had some moderate back pain in July and August of 2016 that was caused by playing golf. (LIB 1260-71, LIB 863-865).**

10.      Objection; under the appropriate standard of review in this case, this purported fact constitutes legal argument in that it construes and characterizes documents contained in the Administrative Record.  Lincoln does not dispute that

9

the documents LIB1260–71 and LIB0863–65 are contained in the Administrative

Record.  Lincoln refers to those documents and to the entire Administrative Record

and objects to Plaintiff's characterization of the documents to the extent

incomplete or inconsistent with their actual terms or any part of the Administrative

Record.  Here, for example, the record also contains a progress note by Dr. Seema

Kini's dated July 18, 2016, that shows, prior to the October 2016 motor vehicle

accident, Plaintiff complained of "back pain with spasms," and Dr. Kini recorded

his pain score as "10 - Worst pain ever."  LIB0129.

**11.   On October 4, 2016 at 5:45 PM, Harris was struck from behind while driving.  (LIB 1434-1435).**

11.   Objection; under the appropriate standard of review in this case, this

purported fact constitutes legal argument in that it construes and characterizes

documents contained in the Administrative Record.  Lincoln does not dispute that

the documents LIB1434–35 are contained in the Administrative Record.  Lincoln

refers to those documents and to the entire Administrative Record and objects to

Plaintiff's characterization of the documents to the extent incomplete or

inconsistent with their actual terms or any part of the Administrative Record.

**12.   This accident caused serious back pain. (LIB 1435).**

11.   Objection; under the appropriate standard of review in this case, this

purported fact constitutes legal argument in that it construes and characterizes

documents contained in the Administrative Record.  Lincoln also objects that

Plaintiff has misconstrued the document, which says that Plaintiff "complained of

back pain but refused medical treatment."  LIB1435.  Lincoln does not dispute that

the documents LIB1434–35 are contained in the Administrative Record.  Lincoln

refers to those documents and to the entire Administrative Record and objects to

Plaintiff's characterization of the documents to the extent incomplete or

inconsistent with their actual terms or any part of the Administrative Record.

**13.     On October 7, 2016 an MRI of the lumbar spine revealed that there was moderate degenerative spondylosis at all levels T11-12 through L5-S1, most prominent at L5-S1; that the L4-5 disc space level demonstrated degenerative spondylosis and narrowing of the disc with modic changes related to stress response.   (LIB 1424-25).**

13.     Objection; under the appropriate standard of review in this case, this

purported fact constitutes legal argument in that it construes and characterizes

documents contained in the Administrative Record.  Lincoln also objects that

Plaintiff has misconstrued the document, which says, for example, "There is no

evidence of fracture or bone destruction.  There is a normal degree of lordosis. . . .

I see no evidence of a pars defect.  I see no evidence of injury to the interspinous

ligaments or the surpaspinous ligaments."  LIB1424.  Lincoln does not dispute that

the documents LIB1424–25 are contained in the Administrative Record.  Lincoln

refers to those documents and to the entire Administrative Record and objects to

11

Plaintiff's characterization of the documents to the extent incomplete or inconsistent with their actual terms or any part of the Administrative Record.

**14.    A central bulging disc and bone spur indented the thecal sac across the midline and that the L5-S1 disc space level demonstrated severe degenerative spondylosis and narrowing of the disc with modic changes related to stress response. (LIB 1424-25).**

14.    Objection; under the appropriate standard of review in this case, this purported fact constitutes legal argument in that it construes and characterizes documents contained in the Administrative Record.  Lincoln also objects that Plaintiff has misconstrued the document, which says, for example, "There is no evidence of fracture or bone destruction.  There is a normal degree of lordosis. . . . I see no evidence of a pars defect.  I see no evidence of injury to the interspinous ligaments or the surpaspinous ligaments."  LIB1424.  Lincoln does not dispute that the documents LIB1424–25 are contained in the Administrative Record.  Lincoln refers to those documents and to the entire Administrative Record and objects to Plaintiff's characterization of the documents to the extent incomplete or inconsistent with their actual terms or any part of the Administrative Record.

**15.    There was a central and right paracentral herniated disc protrusion with annular tear indenting the epidural space while touching the right S1 nerve root. (LIB 1424-25).**

15.    Objection; under the appropriate standard of review in this case, this purported fact constitutes legal argument in that it construes and characterizes

documents contained in the Administrative Record.  Lincoln also objects that Plaintiff has misconstrued the document, which says, for example, "There is no evidence of fracture or bone destruction.  There is a normal degree of lordosis. . . . I see no evidence of a pars defect.  I see no evidence of injury to the interspinous ligaments or the surpaspinous ligaments."  LIB1424.  Lincoln does not dispute that the documents LIB1424–25 are contained in the Administrative Record.  Lincoln refers to those documents and to the entire Administrative Record and objects to Plaintiff's characterization of the documents to the extent incomplete or inconsistent with their actual terms or any part of the Administrative Record.

**16.    There was foraminal bony stenosis due to facet arthropathy. (LIB 1424-25).**

16.    Objection; under the appropriate standard of review in this case, this purported fact constitutes legal argument in that it construes and characterizes documents contained in the Administrative Record.  Lincoln also objects that Plaintiff has misconstrued the document, which says, for example, "There is no evidence of fracture or bone destruction.  There is a normal degree of lordosis. . . . I see no evidence of a pars defect.  I see no evidence of injury to the interspinous ligaments or the surpaspinous ligaments."  LIB1424.  Lincoln does not dispute that the documents LIB1424–25 are contained in the Administrative Record.  Lincoln refers to those documents and to the entire Administrative Record and objects to

Plaintiff's characterization of the documents to the extent incomplete or inconsistent with their actual terms or any part of the Administrative Record.

**17.     Small foraminal herniated disc protrusions and bone spurs were also noted bilaterally. (LIB 1424-25).**

17.     Objection; under the appropriate standard of review in this case, this purported fact constitutes legal argument in that it construes and characterizes documents contained in the Administrative Record.  Lincoln also objects that Plaintiff has misconstrued the document, which says, for example, "There is no evidence of fracture or bone destruction.  There is a normal degree of lordosis. . . . I see no evidence of a pars defect.  I see no evidence of injury to the interspinous ligaments or the surpaspinous ligaments."  LIB1424.  Lincoln does not dispute that the documents LIB1424–25 are contained in the Administrative Record.  Lincoln refers to those documents and to the entire Administrative Record and objects to Plaintiff's characterization of the documents to the extent incomplete or inconsistent with their actual terms or any part of the Administrative Record.

**18.     Due to this October 2016 accident, Harris was not able to work beyond October 14, 2016. (LIB 1).**

18.     Objection; under the appropriate standard of review in this case, this purported fact constitutes legal argument in that it construes and characterizes documents contained in the Administrative Record.  Lincoln also objects that

Plaintiff has misconstrued the document, which indicates only that Lincoln initially determined that Plaintiff had met his burden to prove entitlement to benefits under the Group Policy. *See also*, *e.g*., LIB0765. Lincoln does not dispute that the document LIB001 is contained in the Administrative Record. Lincoln refers to that document and to the entire Administrative Record and objects to Plaintiff's characterization of the document to the extent incomplete or inconsistent with its actual terms or any part of the Administrative Record.

**19.     Harris' internal medicine doctor, Dr. Victor Blake, examined him on December 6, 2016 and stated that Harris could not work through March 1, 2017 due to severe back problems. (LIB 1426).**

19.     Objection; under the appropriate standard of review in this case, this purported fact constitutes legal argument in that it construes and characterizes documents contained in the Administrative Record. Lincoln does not dispute that the document LIB1426 is contained in the Administrative Record. Lincoln refers to that document and to the entire Administrative Record and objects to Plaintiff's characterization of the document to the extent incomplete or inconsistent with its actual terms or any part of the Administrative Record. Here, the record also shows that on examination, Dr. Blake recorded Plaintiff was "well-appearing" and "ambulating without difficulty." LIB0844. Dr. Blake described Plaintiff's symptoms as the result of "a benign musculoskeletal back injury" with a

"favorable prognosis." LIB0844. Dr. Blake's contemporaneous examination notes are thus inconsistent with the advocacy letter he wrote the same day.

**20.    On December 20, 2016, Harris went to see Dr. Erik Bendiks, an orthopaedic surgeon, for his neck and back pain. (LIB 822-23).**

20.    Objection; under the appropriate standard of review in this case, this purported fact constitutes legal argument in that it construes and characterizes documents contained in the Administrative Record. Lincoln does not dispute that the documents LIB822–23 are contained in the Administrative Record. Lincoln refers to those documents and to the entire Administrative Record and objects to Plaintiff's characterization of the documents to the extent incomplete or inconsistent with their actual terms or any part of the Administrative Record. Here, Dr. Bendik's examination showed that Plaintiff had the ability "to ambulate without difficulty"; "[p]ainless passive, full range of motion of bilateral hips"; and muscle strength of "5/5." LIB0823.

**21.    He recommended a cervical MRI to further assess Harris' neck and pain and prescribed steroid injections in the lumbar spine. (LIB 822-23).**

21.    Objection; under the appropriate standard of review in this case, this purported fact constitutes legal argument in that it construes and characterizes documents contained in the Administrative Record. Lincoln does not dispute that the documents LIB822–23 are contained in the Administrative Record. Lincoln

16

refers to those documents and to the entire Administrative Record and objects to

Plaintiff's characterization of the documents to the extent incomplete or

inconsistent with their actual terms or any part of the Administrative Record.

Here, Dr. Bendik's examination showed that Plaintiff had the ability "to ambulate

without difficulty"; "[p]ainless passive, full range of motion of bilateral hips"; and

muscle strength of "5/5."  LIB0823.

**22.    At the next office visit on December 22, 2016, Dr. Bendiks diagnosed Harris as " status post vehicle collision on 10/4/16 with resultant cervicalgia and radiculopathy as well as aggravation of preexisting lumbago with disc herniation L5- S1 and thecal sac impingement." (LIB 819-20).**

22.    Objection; under the appropriate standard of review in this case, this

purported fact constitutes legal argument in that it construes and characterizes

documents contained in the Administrative Record.  Lincoln does not dispute that

the documents LIB819–20 are contained in the Administrative Record.  Lincoln

refers to those documents and to the entire Administrative Record and objects to

Plaintiff's characterization of the documents to the extent incomplete or

inconsistent with their actual terms or any part of the Administrative Record.

**23.    That same day, Dr. Bendiks wrote a letter stating that Harris was to remain off work until January 27, 2017. (LIB 1357).**

23.    Objection; under the appropriate standard of review in this case, this

purported fact constitutes legal argument in that it construes and characterizes

17

documents contained in the Administrative Record.  Lincoln does not dispute that the document LIB1357 is contained in the Administrative Record.  Lincoln refers to that document and to the entire Administrative Record and objects to Plaintiff's characterization of the document to the extent incomplete or inconsistent with its actual terms or any part of the Administrative Record.

**24.      On January 23, 2017, Harris was examined by Dr. Mark Feeman, a physical medicine and rehabilitation specialist. (LIB 251-253).**

24.      Objection; under the appropriate standard of review in this case, this purported fact constitutes legal argument in that it construes and characterizes documents contained in the Administrative Record.  Lincoln does not dispute that the documents LIB251–53 are contained in the Administrative Record.  Lincoln refers to those documents and to the entire Administrative Record and objects to Plaintiff's characterization of the documents to the extent incomplete or inconsistent with their actual terms or any part of the Administrative Record.

**25.      Dr. Feeman performed a comprehensive examination and diagnosed intervertebral disc disorders with radiculopathy, lumbar region. (LIB 252).**

25.      Objection; under the appropriate standard of review in this case, this purported fact constitutes legal argument in that it construes and characterizes documents contained in the Administrative Record.  Lincoln does not dispute that the document LIB252 is contained in the Administrative Record.  Lincoln refers to

that document and to the entire Administrative Record and objects to Plaintiff's characterization of the document to the extent incomplete or inconsistent with its actual terms or any part of the Administrative Record.

**26.     He stated that Harris was at total and permanent disability for all occupations.  (LIB 252).**

26.     Objection; under the appropriate standard of review in this case, this purported fact constitutes legal argument in that it construes and characterizes documents contained in the Administrative Record.  Lincoln does not dispute that the document LIB252 is contained in the Administrative Record.  Lincoln refers to that document and to the entire Administrative Record and objects to Plaintiff's characterization of the document to the extent incomplete or inconsistent with its actual terms or any part of the Administrative Record.

**27.     Dr. Feeman found that Harris worked as an accounting consultant and cannot sit for more than 30 minutes at a time and has to lie down for 30 minutes 4 times daily. (LIB 252).**

27.     Objection; under the appropriate standard of review in this case, this purported fact constitutes legal argument in that it construes and characterizes documents contained in the Administrative Record.  Lincoln does not dispute that the document LIB252 is contained in the Administrative Record.  Lincoln refers to that document and to the entire Administrative Record and objects to Plaintiff's

characterization of the document to the extent incomplete or inconsistent with its actual terms or any part of the Administrative Record.

**28. On January 24, 2017, Dr. Feeman filled out a detailed Physical Capacities Evaluation stating that Harris could sit less than one hour, stand less than 1 hour, walk less than one hour in an eight hour day. (LIB 254).**

28. Objection; under the appropriate standard of review in this case, this purported fact constitutes legal argument in that it construes and characterizes documents contained in the Administrative Record. Lincoln does not dispute that the document LIB254 is contained in the Administrative Record. Lincoln refers to that document and to the entire Administrative Record and objects to Plaintiff's characterization of the document to the extent incomplete or inconsistent with its actual terms or any part of the Administrative Record.

**29. He could not lift or carry 10 pounds. (LIB 254).**

29. Objection; under the appropriate standard of review in this case, this purported fact constitutes legal argument in that it construes and characterizes documents contained in the Administrative Record. Lincoln does not dispute that the document LIB254 is contained in the Administrative Record. Lincoln refers to that document and to the entire Administrative Record and objects to Plaintiff's characterization of the document to the extent incomplete or inconsistent with its actual terms or any part of the Administrative Record.

**30.     He also stated that Harris had other functional limitations due to the pain and how it affected his concentration, thought process, cognition and problem solving skills. (LIB 254).**

30.     Objection; under the appropriate standard of review in this case, this purported fact constitutes legal argument in that it construes and characterizes documents contained in the Administrative Record.  Lincoln does not dispute that the document LIB254 is contained in the Administrative Record.  Lincoln refers to that document and to the entire Administrative Record and objects to Plaintiff's characterization of the document to the extent incomplete or inconsistent with its actual terms or any part of the Administrative Record.

**31.     He stated that Harris also lacked productivity. (LIB 254).**

31.     Objection; under the appropriate standard of review in this case, this purported fact constitutes legal argument in that it construes and characterizes documents contained in the Administrative Record.  Lincoln does not dispute that the document LIB254 is contained in the Administrative Record.  Lincoln refers to that document and to the entire Administrative Record and objects to Plaintiff's characterization of the document to the extent incomplete or inconsistent with its actual terms or any part of the Administrative Record.

**32.     That same day Dr. Feeman drafted a letter to Defendant. (LIB 252).**

32.    Objection; under the appropriate standard of review in this case, this purported fact constitutes legal argument in that it construes and characterizes documents contained in the Administrative Record.  Lincoln does not dispute that the document LIB252 is contained in the Administrative Record.  Lincoln refers to that document and to the entire Administrative Record and objects to Plaintiff's characterization of the document to the extent incomplete or inconsistent with its actual terms or any part of the Administrative Record.

**33.    In his letter Dr. Feeman stated:**

> **I have evaluated Mr. Harris['] medical records diagnostic studies and treatment to date. It is my opinion within a reasonable degree of medical certainty that he is totally and permanently disabled due to his intervertebral disc disorders as a result of MVA. His last day of work was 10/16/2016. (LIB 255).**

33.    Objection; under the appropriate standard of review in this case, this purported fact constitutes legal argument in that it construes and characterizes documents contained in the Administrative Record.  Lincoln does not dispute that the document LIB255 is contained in the Administrative Record.  Lincoln refers to that document and to the entire Administrative Record and objects to Plaintiff's characterization of the document to the extent incomplete or inconsistent with its actual terms or any part of the Administrative Record.

22

**34.    Also, on January 24, 2017, Harris had his MRI of the Cervical Spine Without Contrast. (LIB 491-93).**

34.    Objection; under the appropriate standard of review in this case, this purported fact constitutes legal argument in that it construes and characterizes documents contained in the Administrative Record.  Lincoln does not dispute that the documents LIB491–93 are contained in the Administrative Record.  Lincoln refers to those documents and to the entire Administrative Record and objects to Plaintiff's characterization of the documents to the extent incomplete or inconsistent with their actual terms or any part of the Administrative Record.

**35.    It revealed at C4-5 that there was a left posterior herniation of moderate size causing cord compression. (LIB 492).**

35.    Objection; under the appropriate standard of review in this case, this purported fact constitutes legal argument in that it construes and characterizes documents contained in the Administrative Record.  Lincoln does not dispute that the document LIB492 is contained in the Administrative Record.  Lincoln refers to that document and to the entire Administrative Record and objects to Plaintiff's characterization of the document to the extent incomplete or inconsistent with its actual terms or any part of the Administrative Record.

**36.    At C6-7 there was a right posterior combination of moderate size protrusion and a smaller spur causing compression of the right side of the cord. (LIB 492).**

36.     Objection; under the appropriate standard of review in this case, this purported fact constitutes legal argument in that it construes and characterizes documents contained in the Administrative Record.  Lincoln does not dispute that the document LIB492 is contained in the Administrative Record.  Lincoln refers to that document and to the entire Administrative Record and objects to Plaintiff's characterization of the document to the extent incomplete or inconsistent with its actual terms or any part of the Administrative Record.

**37.     At C5-6 there was a focal, posterior and central disc protrusion that was less prominent than at other levels, but was still causing some impression upon the anterior margin of the cord, although without spinal stenosis. (LIB 492-93).**

37.     Objection; under the appropriate standard of review in this case, this purported fact constitutes legal argument in that it construes and characterizes documents contained in the Administrative Record.  Lincoln does not dispute that the documents LIB492–93 are contained in the Administrative Record.  Lincoln refers to those documents and to the entire Administrative Record and objects to Plaintiff's characterization of the documents to the extent incomplete or inconsistent with their actual terms or any part of the Administrative Record.

**38.     Spurs caused moderate stenosis of the right foramen. (LIB 493).**

38.     Objection; under the appropriate standard of review in this case, this purported fact constitutes legal argument in that it construes and characterizes

24

documents contained in the Administrative Record. Lincoln does not dispute that the document LIB493 is contained in the Administrative Record. Lincoln refers to that document and to the entire Administrative Record and objects to Plaintiff's characterization of the document to the extent incomplete or inconsistent with its actual terms or any part of the Administrative Record.

**39.    There were also less severe, but still potentially significant abnormalities at several other levels. (LIB 493).**

39.    Objection; under the appropriate standard of review in this case, this purported fact constitutes legal argument in that it construes and characterizes documents contained in the Administrative Record. Lincoln does not dispute that the document LIB493 is contained in the Administrative Record. Lincoln refers to that document and to the entire Administrative Record and objects to Plaintiff's characterization of the document to the extent incomplete or inconsistent with its actual terms or any part of the Administrative Record.

**40.    There was also a straightening of the lordosis, which can indicate a soft tissue injury. (LIB 493).**

40.    Objection; under the appropriate standard of review in this case, this purported fact constitutes legal argument in that it construes and characterizes documents contained in the Administrative Record. Lincoln does not dispute that the document LIB493 is contained in the Administrative Record. Lincoln refers to

25

that document and to the entire Administrative Record and objects to Plaintiff's

characterization of the document to the extent incomplete or inconsistent with its

actual terms or any part of the Administrative Record.

**41.     On February 21, 2017, Harris was treated for his chronic hepatitis B infection at Grady Hospital. (LIB 1098).**

41.     Objection; under the appropriate standard of review in this case, this

purported fact constitutes legal argument in that it construes and characterizes

documents contained in the Administrative Record.  Lincoln does not dispute that

the document LIB1098 is contained in the Administrative Record.  Lincoln refers

to that document and to the entire Administrative Record and objects to Plaintiff's

characterization of the document to the extent incomplete or inconsistent with its

actual terms or any part of the Administrative Record.

**42.     On February 28, 2017, Harris was treated by Dr. Jose Mathew, a pain specialist, who found spondylosis with radiculopathy, lumbar region, low back pain, spondylosis in the cervical region inter alia. (LIB 679-83).**

42.     Objection; under the appropriate standard of review in this case, this

purported fact constitutes legal argument in that it construes and characterizes

documents contained in the Administrative Record.  Lincoln does not dispute that

the documents LIB679–83 are contained in the Administrative Record.  Lincoln

refers to those documents and to the entire Administrative Record and objects to

Plaintiff's characterization of the documents to the extent incomplete or inconsistent with their actual terms or any part of the Administrative Record.

**43.    On March 13, 2017, Harris' doctor noted that he did not have a serious flare of his hidradenitis suppurativa at that time. (LIB 1105-07).**

43.    Objection; under the appropriate standard of review in this case, this purported fact constitutes legal argument in that it construes and characterizes documents contained in the Administrative Record.  Lincoln does not dispute that the documents LIB1105–07 are contained in the Administrative Record.  Lincoln refers to those documents and to the entire Administrative Record and objects to Plaintiff's characterization of the documents to the extent incomplete or inconsistent with their actual terms or any part of the Administrative Record.

**44.    On March 28, 2017, Dr. Mathew treated Harris again and found the same problems and refilled his pain medicine. (LIB 676-78).**

44.    Objection; under the appropriate standard of review in this case, this purported fact constitutes legal argument in that it construes and characterizes documents contained in the Administrative Record.  Lincoln does not dispute that the documents LIB676–78 are contained in the Administrative Record.  Lincoln refers to those documents and to the entire Administrative Record and objects to Plaintiff's characterization of the documents to the extent incomplete or inconsistent with their actual terms or any part of the Administrative Record.

**45.     Defendant found Harris disabled and began paying benefits on April 13, 2017.  (LIB 1).**

45.     Objection; under the appropriate standard of review in this case, this purported fact constitutes legal argument in that it construes and characterizes documents contained in the Administrative Record.  Lincoln also objects that Plaintiff has misconstrued the document, which indicates only that Lincoln initially determined that Plaintiff had met his burden to prove entitlement to benefits under the Group Policy.  Lincoln does not dispute that the document LIB001 is contained in the Administrative Record.  Lincoln refers to that document and to the entire Administrative Record and objects to Plaintiff's characterization of the document to the extent incomplete or inconsistent with its actual terms or any part of the Administrative Record.

**46.     On April 26, 2017, Dr. Bendiks noted that Harris' neck pain improved when on his narcotic medication, but his back pain remained severe with radiation into the right leg. (LIB 259).**

46.     Objection; under the appropriate standard of review in this case, this purported fact constitutes legal argument in that it construes and characterizes documents contained in the Administrative Record.  Lincoln does not dispute that the document LIB259 is contained in the Administrative Record.  Lincoln refers to that document and to the entire Administrative Record and objects to Plaintiff's

28

characterization of the document to the extent incomplete or inconsistent with its actual terms or any part of the Administrative Record.

**47. Dr. Bendiks reviewed the cervical MRI and recommended bilateral medial branch blocks at C4-6. (LIB 260).**

47. Objection; under the appropriate standard of review in this case, this purported fact constitutes legal argument in that it construes and characterizes documents contained in the Administrative Record. Lincoln does not dispute that the document LIB260 is contained in the Administrative Record. Lincoln refers to that document and to the entire Administrative Record and objects to Plaintiff's characterization of the document to the extent incomplete or inconsistent with its actual terms or any part of the Administrative Record.

**48. With regard to the lumbar spine, Dr. Bendiks stated:**

**The patient has persistent pain despite adequate conservative treatment to include time, activity modification, medications, therapy, and injections. Therefore I recommend anterior lumbar interbody fusion (5-S1 with PEEK cage, allograft/autograft and posterior facet screws. (LIB 260).**

48. Objection; under the appropriate standard of review in this case, this purported fact constitutes legal argument in that it construes and characterizes documents contained in the Administrative Record. Lincoln does not dispute that the document LIB260 is contained in the Administrative Record. Lincoln refers to that document and to the entire Administrative Record and objects to Plaintiff's

29

characterization of the document to the extent incomplete or inconsistent with its actual terms or any part of the Administrative Record.

**49.     On May 16, 2017, Dr. Feeman completed a questionnaire for Harris. (LIB 500-02).**

49.     Objection; under the appropriate standard of review in this case, this purported fact constitutes legal argument in that it construes and characterizes documents contained in the Administrative Record.  Lincoln does not dispute that the documents LIB500–02 are contained in the Administrative Record.  Lincoln refers to those documents and to the entire Administrative Record and objects to Plaintiff's characterization of the documents to the extent incomplete or inconsistent with their actual terms or any part of the Administrative Record.

**50.     He stated that Harris had severe back pain. (LIB 500).**

50.     Objection; under the appropriate standard of review in this case, this purported fact constitutes legal argument in that it construes and characterizes documents contained in the Administrative Record.  Lincoln does not dispute that the document LIB500 is contained in the Administrative Record.  Lincoln refers to that document and to the entire Administrative Record and objects to Plaintiff's characterization of the document to the extent incomplete or inconsistent with its actual terms or any part of the Administrative Record.

**51.     He noted that Harris was disabled from any and all occupations. (LIB 501).**

51.     Objection; under the appropriate standard of review in this case, this purported fact constitutes legal argument in that it construes and characterizes documents contained in the Administrative Record.  Lincoln does not dispute that the document LIB501 is contained in the Administrative Record.  Lincoln refers to that document and to the entire Administrative Record and objects to Plaintiff's characterization of the document to the extent incomplete or inconsistent with its actual terms or any part of the Administrative Record.

**52.     He stated that Harris' condition caused flare-ups and that he would have to be absent from work. (LIB 501).**

52.     Objection; under the appropriate standard of review in this case, this purported fact constitutes legal argument in that it construes and characterizes documents contained in the Administrative Record.  Lincoln does not dispute that the document LIB501 is contained in the Administrative Record.  Lincoln refers to that document and to the entire Administrative Record and objects to Plaintiff's characterization of the document to the extent incomplete or inconsistent with its actual terms or any part of the Administrative Record.

**53.     He estimated that the incapacity could last two through four years. (LIB 501).**

53.     Objection; under the appropriate standard of review in this case, this purported fact constitutes legal argument in that it construes and characterizes documents contained in the Administrative Record.  Lincoln does not dispute that the document LIB501 is contained in the Administrative Record.  Lincoln refers to that document and to the entire Administrative Record and objects to Plaintiff's characterization of the document to the extent incomplete or inconsistent with its actual terms or any part of the Administrative Record.

**54.     On May 19, 2017, Dr. Mathew noted that Harris suffered from chronic pain syndrome amongst other problems. (LIB 674).**

54.     Objection; under the appropriate standard of review in this case, this purported fact constitutes legal argument in that it construes and characterizes documents contained in the Administrative Record.  Lincoln does not dispute that the document LIB674 is contained in the Administrative Record.  Lincoln refers to that document and to the entire Administrative Record and objects to Plaintiff's characterization of the document to the extent incomplete or inconsistent with its actual terms or any part of the Administrative Record.

**55.     On May 26, 2017, Defendant confirmed Harris' approval of benefits via letter.  (LIB 765-66).**

55.     Lincoln does not dispute for purposes of the pending cross-motions that it initially determined that Plaintiff met his burden to prove entitlement to

benefits under the terms of the Group Policy.  Lincoln does not dispute that the

documents LIB765–66 are contained in the Administrative Record.  Lincoln refers

to those documents and to the entire Administrative Record and objects to

Plaintiff's characterization of the documents to the extent incomplete or

inconsistent with their actual terms or any part of the Administrative Record.

**56.    On June 16, 2017, Dr. Mathew's records documented ongoing pain. (LIB 671-72).**

56.    Objection; under the appropriate standard of review in this case, this

purported fact constitutes legal argument in that it construes and characterizes

documents contained in the Administrative Record.  Lincoln does not dispute that

the documents LIB671–72 are contained in the Administrative Record.  Lincoln

refers to those documents and to the entire Administrative Record and objects to

Plaintiff's characterization of the documents to the extent incomplete or

inconsistent with their actual terms or any part of the Administrative Record.

**57.    On July 12, 2017, Dr. Bendiks examined Harris and continued to recommend lumbar surgery. (LIB 257-58).**

57.    Objection; under the appropriate standard of review in this case, this

purported fact constitutes legal argument in that it construes and characterizes

documents contained in the Administrative Record.  Lincoln does not dispute that

the documents LIB257–58 are contained in the Administrative Record.  Lincoln

refers to those documents and to the entire Administrative Record and objects to Plaintiff's characterization of the documents to the extent incomplete or inconsistent with their actual terms or any part of the Administrative Record. Here, the record shows that on exam, Plaintiff was "[a]ble to ambulate without difficulty," but demonstrated "[g]uarding" with respect to his neck and back and reported "pain at terminal ranges of motion." LIB0257.  Plaintiff showed "[n]o evidence of shoulder impingement," and his strength was "5/5 and equal symmetrically." LIB0257.

**58.    He also recommended a cervical surgery stating:**

> **I feel that too much time has transpired since the collision for injections to be an effective means of pain control.  Therefore, I recommend anterior cervical discectomy and fusion C4-7 with autograft, PEEK cage and anterior plate as the definitive procedure in the treatment of his neck pain. (LIB 257-258).**

58.    Objection; under the appropriate standard of review in this case, this purported fact constitutes legal argument in that it construes and characterizes documents contained in the Administrative Record.  Lincoln does not dispute that the documents LIB257–58 are contained in the Administrative Record.  Lincoln refers to those documents and to the entire Administrative Record and objects to Plaintiff's characterization of the documents to the extent incomplete or inconsistent with their actual terms or any part of the Administrative Record.

34

Here, the record shows that on exam, Plaintiff was "[a]ble to ambulate without difficulty," but demonstrated "[g]uarding" with respect to his neck and back and reported "pain at terminal ranges of motion."  LIB0257.  Plaintiff showed "[n]o evidence of shoulder impingement," and his strength was "5/5 and equal symmetrically."  LIB0257.

**59.     That day, Dr. Bendiks advised Harris to remain off work and referred Harris to chronic pain management. (LIB 260, LIB 740).**

59.     Objection; under the appropriate standard of review in this case, this purported fact constitutes legal argument in that it construes and characterizes documents contained in the Administrative Record.  Lincoln does not dispute that the documents LIB260 and LIB740 are contained in the Administrative Record.  Lincoln refers to those documents and to the entire Administrative Record and objects to Plaintiff's characterization of the documents to the extent incomplete or inconsistent with their actual terms or any part of the Administrative Record.

**60.     On July 17, 2017, Harris wrote Defendant a letter stating that his pain varied, one minute he is fine and the next he is in excruciating pain. (LIB 738).**

60.     Objection; under the appropriate standard of review in this case, this purported fact constitutes legal argument in that it construes and characterizes documents contained in the Administrative Record.  Lincoln does not dispute that the document LIB738 is contained in the Administrative Record.  Lincoln refers to

that document and to the entire Administrative Record and objects to Plaintiff's

characterization of the document to the extent incomplete or inconsistent with its

actual terms or any part of the Administrative Record.

**61.     He also informed Defendant that his health insurance will not cover his surgery. (LIB 738).**

61.     Objection; under the appropriate standard of review in this case, this

purported fact constitutes legal argument in that it construes and characterizes

documents contained in the Administrative Record.  Lincoln does not dispute that

the document LIB738 is contained in the Administrative Record.  Lincoln refers to

that document and to the entire Administrative Record and objects to Plaintiff's

characterization of the document to the extent incomplete or inconsistent with its

actual terms or any part of the Administrative Record.

**62.     For no apparent reason, Defendant performed a social media and corporate investigation on Harris on July 20, 2017. (LIB 723-36).**

62.     Objection; under the appropriate standard of review in this case, this

purported fact constitutes legal argument in that it construes and characterizes

documents contained in the Administrative Record.  Lincoln does not dispute that

the documents LIB723–36 are contained in the Administrative Record.  Lincoln

refers to those documents and to the entire Administrative Record and objects to

Plaintiff's characterization of the documents to the extent incomplete or inconsistent with their actual terms or any part of the Administrative Record.

**63.     This report concluded that he may have attended a music event and appeared to be active in his DJ career. (LIB 723-736).**

63.     Objection; under the appropriate standard of review in this case, this purported fact constitutes legal argument in that it construes and characterizes documents contained in the Administrative Record.  Lincoln does not dispute that the documents LIB723–36 are contained in the Administrative Record.  Lincoln refers to those documents and to the entire Administrative Record and objects to Plaintiff's characterization of the documents to the extent incomplete or inconsistent with their actual terms or any part of the Administrative Record.

**64.     However, a definite year that these occurrences happened does not seem apparent from the report. (Examine LIB 723-36).**

64.     Objection; under the appropriate standard of review in this case, this purported fact constitutes legal argument in that it construes and characterizes documents contained in the Administrative Record.  Lincoln does not dispute that the documents LIB723–36 are contained in the Administrative Record.  Lincoln refers to those documents and to the entire Administrative Record and objects to Plaintiff's characterization of the documents to the extent incomplete or inconsistent with their actual terms or any part of the Administrative Record.

**65.     On August 1, 2017, the Social Security Administration denied Harris' claim due to a failure to pay into the system long enough. (LIB 629).**

65.     Objection; under the appropriate standard of review in this case, this purported fact constitutes legal argument in that it construes and characterizes documents contained in the Administrative Record.  Lincoln does not dispute that the document LIB629 is contained in the Administrative Record.  Lincoln refers to that document and to the entire Administrative Record and objects to Plaintiff's characterization of the document to the extent incomplete or inconsistent with its actual terms or any part of the Administrative Record.

**66.     On August 11, 2017, Defendant performed surveillance on Harris and found no activity. (LIB 697-99).**

66.     Objection; under the appropriate standard of review in this case, this purported fact constitutes legal argument in that it construes and characterizes documents contained in the Administrative Record.  Lincoln does not dispute that the documents LIB697–99 are contained in the Administrative Record.  Lincoln refers to those documents and to the entire Administrative Record and objects to Plaintiff's characterization of the documents to the extent incomplete or inconsistent with their actual terms or any part of the Administrative Record.

**67.     On September 1, 2017, Dr. Mathew treated Harris' "chronic pain syndrome, radiculopathy, cervical region, other spondylosis with radiculopathy, lumbar region."  (LIB 668-69).**

67.    Objection; under the appropriate standard of review in this case, this purported fact constitutes legal argument in that it construes and characterizes documents contained in the Administrative Record.  Lincoln does not dispute that the documents LIB668–69 are contained in the Administrative Record.  Lincoln refers to those documents and to the entire Administrative Record and objects to Plaintiff's characterization of the documents to the extent incomplete or inconsistent with their actual terms or any part of the Administrative Record.  The record shows that on physical examination, Plaintiff was "in no acute distress" and "conversant."  LIB0668.  His breathing was "unlabored," and his thoracic range of motion was "WNL," meaning within normal limits.  LIB0668–69.

**68.    On September 5, 2017, Dr. Blake found "chronic low back pain, obesity, osteoarthritis, lumbar radiculopathy and sciatica. (LIB 645-47).**

68.    Objection; under the appropriate standard of review in this case, this purported fact constitutes legal argument in that it construes and characterizes documents contained in the Administrative Record.  Lincoln does not dispute that the documents LIB645–47 are contained in the Administrative Record.  Lincoln refers to those documents and to the entire Administrative Record and objects to Plaintiff's characterization of the documents to the extent incomplete or inconsistent with their actual terms or any part of the Administrative Record.  The record shows that at that time, Plaintiff also reported exercising regularly—

39

specifically, "4 to 5 x weekly x 45 mins to 1 hour." LIB0692. On exam, Dr. Blake

found Plaintiff to be "[w]ell appearing, well nourished [and] in no distress."

LIB0693.

**69.    On October 13, 2017, Dr. Arthur Kalman, board certified in physical medicine and rehabilitation, reviewed the file for Defendant and spoke with Dr. Bendiks' office. (LIB 659-666).**

69.    Lincoln does not dispute for purposes of the pending cross-motions

that Dr. Arthur Kalman, who is board-certified in physical medicine and

rehabilitation, reviewed the medical evidence and prepared a peer review report

dated October 13, 2019. Lincoln does not dispute that the documents LIB659–66

are contained in the Administrative Record. Lincoln refers to those documents and

to the entire Administrative Record and objects to Plaintiff's characterization of the

documents to the extent incomplete or inconsistent with their actual terms or any

part of the Administrative Record.

**70.    He stated that a PA in Dr. Bendiks' office confirmed over the telephone that Harris could not perform sedentary work. (LIB 664).**

70.    Objection; under the appropriate standard of review in this case, this

purported fact constitutes legal argument in that it construes and characterizes

documents contained in the Administrative Record. Lincoln does not dispute that

the document LIB664 is contained in the Administrative Record. Lincoln refers to

that document and to the entire Administrative Record and objects to Plaintiff's

40

characterization of the document to the extent incomplete or inconsistent with its actual terms or any part of the Administrative Record.

**71.     Dr. Kalman found the following diagnoses, Lumbar Spondylosis, Lumbar DDD, Lumbar spinal stenosis, Cervical radiculopathy, Hidradenitis suppurativa, elevated blood pressure, hepatitis, obesity, and chronic pain syndrome amongst others. (LIB 664).**

71.     Objection; under the appropriate standard of review in this case, this purported fact constitutes legal argument in that it construes and characterizes documents contained in the Administrative Record.  Lincoln does not dispute that the document LIB664 is contained in the Administrative Record.  Lincoln refers to that document and to the entire Administrative Record and objects to Plaintiff's characterization of the document to the extent incomplete or inconsistent with its actual terms or any part of the Administrative Record.

**72.     Dr. Kalman concluded:**

> **After review of the records it is my opinion the claimant cannot sustain functionality for any period of time.  He has multiple medical conditions as well as significant DDD and lumbar spinal stenosis. It was recommended that the claimant will need surgery. Complete functional impairment is supported. (LIB 664).**

72.     Objection; under the appropriate standard of review in this case, this purported fact constitutes legal argument in that it construes and characterizes documents contained in the Administrative Record.  Lincoln does not dispute that

41

the document LIB664 is contained in the Administrative Record.  Lincoln refers to

that document and to the entire Administrative Record and objects to Plaintiff's

characterization of the document to the extent incomplete or inconsistent with its

actual terms or any part of the Administrative Record.

**73.    On November 1, 2017, Harris' lumbar spine showed decreased range of motion and tenderness. (LIB 642-44).**

73.    Objection; under the appropriate standard of review in this case, this

purported fact constitutes legal argument in that it construes and characterizes

documents contained in the Administrative Record.  Lincoln does not dispute that

the documents LIB642–44 are contained in the Administrative Record.  Lincoln

refers to those documents and to the entire Administrative Record and objects to

Plaintiff's characterization of the documents to the extent incomplete or

inconsistent with their actual terms or any part of the Administrative Record.

**74.    On November 20, 2017, the firm to which Defendant referred Harris to obtain his Social Security informed Defendant again that he did not have enough credits to obtain Social Security. (LIB 622).**

74.    Objection; under the appropriate standard of review in this case, this

purported fact constitutes legal argument in that it construes and characterizes

documents contained in the Administrative Record.  Lincoln does not dispute that

the document LIB622 is contained in the Administrative Record.  Lincoln refers to

that document and to the entire Administrative Record and objects to Plaintiff's

characterization of the document to the extent incomplete or inconsistent with its actual terms or any part of the Administrative Record.

**75.    Dr. Mathew's records from December 2017 through April 2018 revealed chronic pain, decreased range of motion and noted that Harris has tried physical therapy, chiropractic care, injections and massage amongst other treatments. (LIB 639-41, 615-617, 394-403, 612-614, 609-611, 602-04).**

75.    Objection; under the appropriate standard of review in this case, this purported fact constitutes legal argument in that it construes and characterizes documents contained in the Administrative Record.  Lincoln does not dispute that the documents LIB639–41, LIB615–17, LIB394–403, LIB612–14, LIB609–11, and LIB602–04 are contained in the Administrative Record.  Lincoln refers to those documents and to the entire Administrative Record and objects to Plaintiff's characterization of the documents to the extent incomplete or inconsistent with their actual terms or any part of the Administrative Record.

**76.    Harris' chiropractor, Dr. Lori Okun recorded in April and May of 2018 that Harris suffered from intense pain, low back spasms and the inability to cross his legs.  (LIB 277-302).**

76.    Objection; under the appropriate standard of review in this case, this purported fact constitutes legal argument in that it construes and characterizes documents contained in the Administrative Record.  Lincoln does not dispute that the documents LIB277–302 are contained in the Administrative Record.  Lincoln refers to those documents and to the entire Administrative Record and objects to

Plaintiff's characterization of the documents to the extent incomplete or inconsistent with their actual terms or any part of the Administrative Record.

**77.    Dr. Peter J. Symbas, an orthopaedic surgeon, treated Harris on April 27, 2018 for osteoarthritis of the knees and medial epicondylitis of the right elbow and prescribed an elbow strap and injections in both knees. (LIB 266-268).**

77.    Objection; under the appropriate standard of review in this case, this purported fact constitutes legal argument in that it construes and characterizes documents contained in the Administrative Record.  Lincoln does not dispute that the documents LIB266–68 are contained in the Administrative Record.  Lincoln refers to those documents and to the entire Administrative Record and objects to Plaintiff's characterization of the documents to the extent incomplete or inconsistent with their actual terms or any part of the Administrative Record.

**78.    Harris' pain clinic records in May 2018, reveal back pain, radiculopathy, cervical pain with decreased range of motion, lumbarsacral pain with decreased range of motion and tenderness to touch. (LIB 561-63, LIB 558-559).**

78.    Objection; under the appropriate standard of review in this case, this purported fact constitutes legal argument in that it construes and characterizes documents contained in the Administrative Record.  Lincoln does not dispute that the documents LIB561–63 and LIB558–59 are contained in the Administrative Record.  Lincoln refers to those documents and to the entire Administrative Record

44

and objects to Plaintiff's characterization of the documents to the extent incomplete or inconsistent with their actual terms or any part of the Administrative Record.

**79.    An MRI of the lumbar spine on June 11, 2018 revealed multi-level degenerative disc and severe disc herniation at L5/S1 with right S1 nerve root impingement.  (LIB 489-490, LIB 556).**

79.    Objection; under the appropriate standard of review in this case, this purported fact constitutes legal argument in that it construes and characterizes documents contained in the Administrative Record.  Lincoln does not dispute that the documents LIB489–90 and LIB556 are contained in the Administrative Record.  Lincoln refers to those documents and to the entire Administrative Record and objects to Plaintiff's characterization of the documents to the extent incomplete or inconsistent with their actual terms or any part of the Administrative Record.  Here, the record shows that according to the MRI diagnostic report, there was "[n]o vertebral compression deformity or significant listhesis [was] seen at any level."  LIB0489.  Also, "No paraspinal soft tissue pathology [was] appreciated in the lumbar region."  LIB0489.

**80.    Pain clinic records showed Harris remained in pain throughout June, July and August of 2018. (LIB 555-57, LIB 552-554, LIB 486-87).**

80.    Objection; under the appropriate standard of review in this case, this purported fact constitutes legal argument in that it construes and characterizes

documents contained in the Administrative Record. Lincoln does not dispute that the documents LIB555–57, LIB552–54, and LIB486–87 are contained in the Administrative Record. Lincoln refers to those documents and to the entire Administrative Record and objects to Plaintiff's characterization of the documents to the extent incomplete or inconsistent with their actual terms or any part of the Administrative Record. The progress notes from these visits show that Plaintiff consistently self-reported pain of "10/10," but he also consistently presented at his appointments "in no acute distress" and consistently denied any side effects from the medication. *See*, *e.g*., LIB0552; LIB0486; LIB0480; LIB0469; LIB0433.

**81.    On September 17, 2018, Dr. Feeman's records demonstrated that Harris had failed injections and continued with severe pain which abated slightly with medications. (LIB 544).**

81.    Objection; under the appropriate standard of review in this case, this purported fact constitutes legal argument in that it construes and characterizes documents contained in the Administrative Record. Lincoln does not dispute that the document LIB544 is contained in the Administrative Record. Lincoln refers to that document and to the entire Administrative Record and objects to Plaintiff's characterization of the document to the extent incomplete or inconsistent with its actual terms or any part of the Administrative Record.

**82.    Dr. Feeman reiterated that Harris was not able to be predictably productive in the workplace. (LIB 546).**

46

82.     Objection; under the appropriate standard of review in this case, this purported fact constitutes legal argument in that it construes and characterizes documents contained in the Administrative Record.  Lincoln does not dispute that the document LIB546 is contained in the Administrative Record.  Lincoln refers to that document and to the entire Administrative Record and objects to Plaintiff's characterization of the document to the extent incomplete or inconsistent with its actual terms or any part of the Administrative Record.

**83.     He could not stand, walk or sit for prolonged periods of time, and would need to rest and change positions throughout the day. (LIB 546).**

83.     Objection; under the appropriate standard of review in this case, this purported fact constitutes legal argument in that it construes and characterizes documents contained in the Administrative Record.  Lincoln does not dispute that the document LIB546 is contained in the Administrative Record.  Lincoln refers to that document and to the entire Administrative Record and objects to Plaintiff's characterization of the document to the extent incomplete or inconsistent with its actual terms or any part of the Administrative Record.

**84.     At times, the pain would reach levels where he would not be able to go to work, might miss many days per month. (LIB 546).**

84.     Objection; under the appropriate standard of review in this case, this purported fact constitutes legal argument in that it construes and characterizes

47

documents contained in the Administrative Record.  Lincoln does not dispute that the document LIB546 is contained in the Administrative Record.  Lincoln refers to that document and to the entire Administrative Record and objects to Plaintiff's characterization of the document to the extent incomplete or inconsistent with its actual terms or any part of the Administrative Record.

**85.   He stated that Harris was disabled from any and all employment. (LIB 546).**

85.   Objection; under the appropriate standard of review in this case, this purported fact constitutes legal argument in that it construes and characterizes documents contained in the Administrative Record.  Lincoln does not dispute that the document LIB546 is contained in the Administrative Record.  Lincoln refers to that document and to the entire Administrative Record and objects to Plaintiff's characterization of the document to the extent incomplete or inconsistent with its actual terms or any part of the Administrative Record.

**86.   Harris' monthly pain clinic records from June 2018 to March 2019 reveal severe pain and need for narcotic medications.  (LIB 552-54, 486-87, 544-46, 483-85, 480-82, 473-79, 469-71, 390-93, 387-89, 384-86).**

86.   Objection; under the appropriate standard of review in this case, this purported fact constitutes legal argument in that it construes and characterizes documents contained in the Administrative Record.  Lincoln does not dispute that the documents LIB552–54, LIB486–87, LIB544–46, LIB483–85, LIB480–82,

LIB473–79, LIB469–71, LIB390–93, LIB387–89, and LIB384–86 are contained in the Administrative Record.  Lincoln refers to those documents and to the entire Administrative Record and objects to Plaintiff's characterization of the documents to the extent incomplete or inconsistent with their actual terms or any part of the Administrative Record.  Here, the record shows that on January 29, 2019, Plaintiff was not in acute distress, his respiration was "unlabored," his strength was "5/5" in upper and lower muscle groups, his neurological sensations and deep tendon reflexes were "grossly intact," and his thoracic range of motion was within normal limits.  LIB0433–34.  On March 1, 2019, Plaintiff was in no acute distress, his respiration was "unlabored," his strength was "grossly intact in major muscle groups of bilateral upper and lower extremity," his neurological sensation and deep tendon reflexes ("DTRs") were "grossly intact," his range of thoracic motion "appear[ed] to be within normal limits," and his thoracic spine was "non-tender to palpation."  LIB0387–88.  On March 27, 2019, Plaintiff was not in acute distress, his breathing was "unlabored," his skin was free of lesions, and his "strength [was] grossly intact," his thoracic range of motion was "within normal limits," and his thoracic spine was "non-tender to palpation."  LIB0384–85.  As to Plaintiff's mental status on March 27, 2019, Nurse Dalandra Belcher noted that he responded

49

to commands, "converse[d] appropriately," and was "alert, aware, oriented to person, place, and time." LIB0385.

**87. Harris' records from his family medicine clinic on April 9, 2019 explain his history of hidradenitis since 2001 noting multiple past surgeries with a current assessment of "Hidradenitis suppurativa, hurley stage 2-3, Intertrigo; groin, interglutea; untreated." (LIB 270).**

87. Objection; under the appropriate standard of review in this case, this purported fact constitutes legal argument in that it construes and characterizes documents contained in the Administrative Record. Lincoln does not dispute that the document LIB270 is contained in the Administrative Record. Lincoln refers to that document and to the entire Administrative Record and objects to Plaintiff's characterization of the document to the extent incomplete or inconsistent with its actual terms or any part of the Administrative Record. Here, the record shows that the flare-up was in Plaintiff's right armpit. Dr. Lauren Orenstein's exam describes Plaintiff as a "WDWN male, NAD," which means "well-developed, well-nourished male, not in acute distress." *See* LIB0328; LIB0270. Apart from Plaintiff's skin condition, Plaintiff's presentation was unremarkable. Indeed, the clinic note contains no mention of any functional restrictions or limitations whether due to Plaintiff's hidradenitis flare-up or any other medical condition.

**88. On April 17, 2019, a Dr. Howard Grattan reviewed the file for Defendant and attempted contact with one of Harris' doctors but failed to actually speak with anyone. (LIB 360-366).**

88.     Objection; under the appropriate standard of review in this case, this purported fact constitutes legal argument in that it construes and characterizes documents contained in the Administrative Record.  Lincoln objects that Plaintiff has mischaracterized Dr. Grattan's report.  Lincoln refers to pages 13–15 of its Opposition Memorandum, filed herewith, for a detailed rebuttal of Plaintiff's erroneous arguments as to Dr. Grattan.  Lincoln does not dispute that the documents LIB360–66 are contained in the Administrative Record.  Lincoln refers to those documents and to the entire Administrative Record and objects to Plaintiff's characterization of the documents to the extent incomplete or inconsistent with their actual terms or any part of the Administrative Record. Here, the record shows that after taking into consideration "the entire clinical picture," Dr. Grattan explained that while the Plaintiff's medically supported limitations were "significant," they "would not preclude all level of function." LIB0364.

**89.     Dr. Grattan conceded that Harris' findings in his records were significant, but believed that the findings "would not preclude all level of function." (LIB 365).**

89.     Objection; under the appropriate standard of review in this case, this purported fact constitutes legal argument in that it construes and characterizes documents contained in the Administrative Record.  Lincoln objects that Plaintiff

has mischaracterized Dr. Grattan's report.  Lincoln refers to pages 13–15 of its

Opposition Memorandum, filed herewith, for a detailed rebuttal of Plaintiff's

erroneous arguments as to Dr. Grattan.  Lincoln does not dispute that the document

LIB365 is contained in the Administrative Record.  Lincoln refers to that document

and to the entire Administrative Record and objects to Plaintiff's characterization

of the document to the extent incomplete or inconsistent with its actual terms or

any part of the Administrative Record.

**90.    Without benefit of an examination, Dr. Grattan felt that Harris should have been able to perform sedentary work from October 15, 2016. (LIB 365-366).**

90.    Objection; under the appropriate standard of review in this case, this

purported fact constitutes legal argument in that it construes and characterizes

documents contained in the Administrative Record.  Lincoln objects that Plaintiff

has mischaracterized Dr. Grattan's report.  Lincoln refers to pages 13–15 of its

Opposition Memorandum, filed herewith, for a detailed rebuttal of Plaintiff's

erroneous arguments as to Dr. Grattan.  Lincoln does not dispute that the

documents LIB365–66 are contained in the Administrative Record.  Lincoln refers

to those documents and to the entire Administrative Record and objects to

Plaintiff's characterization of the documents to the extent incomplete or

inconsistent with their actual terms or any part of the Administrative Record.

52

Here, the record shows that after taking into consideration "the entire clinical picture," Dr. Grattan explained that while the Plaintiff's medically supported limitations were "significant," they "would not preclude all level of function." LIB0364.

**91.   Harris' chiropractic records in April of 2019 reveal Harris had pain throughout his body. (LIB 236-40, LIB 241).**

91.   Objection; under the appropriate standard of review in this case, this purported fact constitutes legal argument in that it construes and characterizes documents contained in the Administrative Record.  Lincoln does not dispute that the documents LIB236–40 and LIB241 are contained in the Administrative Record.  Lincoln refers to those documents and to the entire Administrative Record and objects to Plaintiff's characterization of the documents to the extent incomplete or inconsistent with their actual terms or any part of the Administrative Record.

**92.   On April 22, 2019, Defendant performed a transferrable skills analysis taking as true Dr. Grattan's opinion that Harris could perform sedentary work and found that Harris had the ability to be an accountant and a disc jockey amongst other similar jobs such as tax preparer. (LIB 353-57).**

92.   Objection; under the appropriate standard of review in this case, this purported fact constitutes legal argument in that it construes and characterizes documents contained in the Administrative Record.  Lincoln does not dispute that

the documents LIB353–57 are contained in the Administrative Record. Lincoln refers to those documents and to the entire Administrative Record and objects to Plaintiff's characterization of the documents to the extent incomplete or inconsistent with their actual terms or any part of the Administrative Record. Here, the transferable skills analysis identified six "sedentary" occupations, including Plaintiff's own occupation of accountancy, that met all search criteria. LIB0354.

## C.    FIRST DENIAL AND APPEAL

**93.    On April 30, 2019, Defendant denied Harris' ongoing benefits beyond April 22, 2019 via letter. (LIB 245-50).**

93.    Lincoln does not dispute for purposes of the pending cross-motions that it determined on April 30, 2019, that Plaintiff failed to meet his burden to prove entitlement to benefits under the terms of the Group Policy beyond April 22, 2019. Lincoln does not dispute that the documents LIB245–50 are contained in the Administrative Record. Lincoln refers to those documents and to the entire Administrative Record and objects to Plaintiff's characterization of the documents to the extent incomplete or inconsistent with their actual terms or any part of the Administrative Record.

**94.    In the letter, Defendant relied upon Dr. Grattan's review of Harris' records and the vocational report. (LIB 245-50).**

54

94.     Lincoln does not dispute for purposes of the pending cross-motions that it determined on April 30, 2019, that Plaintiff failed to meet his burden to prove entitlement to benefits under the terms of the Group Policy beyond April 22, 2019.  Lincoln does not dispute that the documents LIB245–50 are contained in the Administrative Record.  Lincoln refers to those documents and to the entire Administrative Record and objects to Plaintiff's characterization of the documents to the extent incomplete or inconsistent with their actual terms or any part of the Administrative Record.

**95.     Dr. Blake's medical records on May 14, 2019 reveal that Harris suffered from back pain, arm pain, neck pain and knee pain. (LIB 262-65).**

95.     Objection; under the appropriate standard of review in this case, this purported fact constitutes legal argument in that it construes and characterizes documents contained in the Administrative Record.  Lincoln does not dispute that the documents LIB262–65 are contained in the Administrative Record.  Lincoln refers to those documents and to the entire Administrative Record and objects to Plaintiff's characterization of the documents to the extent incomplete or inconsistent with their actual terms or any part of the Administrative Record. Here, Dr. Blake's progress note described Plaintiff's "chronic" neck and back pain, but on physical exam, Dr. Blake wrote:  "Neck: Normal range of motion.  Neck supple." LIB0264.  "Pulmonary/Chest: Effort normal and breath sounds normal.

No respiratory distress." LIB0264. "Musculoskeletal: Normal range of motion. He exhibits no edema, tenderness or deformity." LIB0264. "Neurological: He is alert and oriented to person, place, and time. He has normal reflexes. . . . No cranial nerve deficit. He exhibits normal muscle tone. Coordination is normal." LIB0264. Despite such unremarkable exam findings, however, Dr. Blake also wrote, without any supporting rationale, "In my clinical opinion, this patient is unable to return to work at this time given his current diagnoses and comorbid conditions." LIB0265. Thus, Dr. Blake's opinion of disability was inconsistent with his own examination findings.

**96.    Dr. Blake noted that Harris was on narcotic medications. (LIB 263).**

96.    Objection; under the appropriate standard of review in this case, this purported fact constitutes legal argument in that it construes and characterizes documents contained in the Administrative Record. Lincoln does not dispute that the document LIB263 is contained in the Administrative Record. Lincoln refers to that document and to the entire Administrative Record and objects to Plaintiff's characterization of the document to the extent incomplete or inconsistent with its actual terms or any part of the Administrative Record. Here, Dr. Blake's progress note described Plaintiff's "chronic" neck and back pain, but on physical exam, Dr. Blake wrote: "Neck: Normal range of motion. Neck supple." LIB0264.

56

"Pulmonary/Chest: Effort normal and breath sounds normal.  No respiratory distress."  LIB0264.  "Musculoskeletal: Normal range of motion.  He exhibits no edema, tenderness or deformity."  LIB0264.  "Neurological: He is alert and oriented to person, place, and time.  He has normal reflexes. . . .  No cranial nerve deficit.  He exhibits normal muscle tone.  Coordination is normal."  LIB0264.  Despite such unremarkable exam findings, however, Dr. Blake also wrote, without any supporting rationale, "In my clinical opinion, this patient is unable to return to work at this time given his current diagnoses and comorbid conditions."  LIB0265.  Thus, Dr. Blake's opinion of disability was inconsistent with his own examination findings.

**97.     Upon examination, Dr. Blake stated that due to continuous pain Harris was unable to remain still for longer than 10 minutes. (LIB 264).**

97.     Objection; under the appropriate standard of review in this case, this purported fact constitutes legal argument in that it construes and characterizes documents contained in the Administrative Record.  Lincoln does not dispute that the document LIB264 is contained in the Administrative Record.  Lincoln refers to that document and to the entire Administrative Record and objects to Plaintiff's characterization of the document to the extent incomplete or inconsistent with its actual terms or any part of the Administrative Record.  Here, Dr. Blake's progress note described Plaintiff's "chronic" neck and back pain, but on physical exam, Dr.

57

Blake wrote:  "Neck: Normal range of motion.  Neck supple."  LIB0264.

"Pulmonary/Chest: Effort normal and breath sounds normal.  No respiratory

distress."  LIB0264.  "Musculoskeletal: Normal range of motion.  He exhibits no

edema, tenderness or deformity."  LIB0264.  "Neurological: He is alert and

oriented to person, place, and time.  He has normal reflexes. . . .  No cranial nerve

deficit.  He exhibits normal muscle tone.  Coordination is normal."  LIB0264.

Despite such unremarkable exam findings, however, Dr. Blake also wrote, without

any supporting rationale, "In my clinical opinion, this patient is unable to return to

work at this time given his current diagnoses and comorbid conditions."  LIB0265.

Thus, Dr. Blake's opinion of disability was inconsistent with his own examination

findings.

**98.    He stated that Harris has known history of severe degenerative disc disease complicated by several disc herniations and nerve impingement. (LIB 264).**

98.    Objection; under the appropriate standard of review in this case, this

purported fact constitutes legal argument in that it construes and characterizes

documents contained in the Administrative Record.  Lincoln does not dispute that

the document LIB264 is contained in the Administrative Record.  Lincoln refers to

that document and to the entire Administrative Record and objects to Plaintiff's

characterization of the document to the extent incomplete or inconsistent with its

actual terms or any part of the Administrative Record. Here, Dr. Blake's progress note described Plaintiff's "chronic" neck and back pain, but on physical exam, Dr. Blake wrote: "Neck: Normal range of motion. Neck supple." LIB0264. "Pulmonary/Chest: Effort normal and breath sounds normal. No respiratory distress." LIB0264. "Musculoskeletal: Normal range of motion. He exhibits no edema, tenderness or deformity." LIB0264. "Neurological: He is alert and oriented to person, place, and time. He has normal reflexes. . . . No cranial nerve deficit. He exhibits normal muscle tone. Coordination is normal." LIB0264. Despite such unremarkable exam findings, however, Dr. Blake also wrote, without any supporting rationale, "In my clinical opinion, this patient is unable to return to work at this time given his current diagnoses and comorbid conditions." LIB0265. Thus, Dr. Blake's opinion of disability was inconsistent with his own examination findings.

**99.   He found that Harris was unable to raise left arm above 90 degrees secondary to pain. (LIB 264).**

99.   Objection; under the appropriate standard of review in this case, this purported fact constitutes legal argument in that it construes and characterizes documents contained in the Administrative Record. Lincoln does not dispute that the document LIB264 is contained in the Administrative Record. Lincoln refers to that document and to the entire Administrative Record and objects to Plaintiff's

characterization of the document to the extent incomplete or inconsistent with its actual terms or any part of the Administrative Record. Here, Dr. Blake's progress note described Plaintiff's "chronic" neck and back pain, but on physical exam, Dr. Blake wrote: "Neck: Normal range of motion. Neck supple." LIB0264. "Pulmonary/Chest: Effort normal and breath sounds normal. No respiratory distress." LIB0264. "Musculoskeletal: Normal range of motion. He exhibits no edema, tenderness or deformity." LIB0264. "Neurological: He is alert and oriented to person, place, and time. He has normal reflexes. . . . No cranial nerve deficit. He exhibits normal muscle tone. Coordination is normal." LIB0264. Despite such unremarkable exam findings, however, Dr. Blake also wrote, without any supporting rationale, "In my clinical opinion, this patient is unable to return to work at this time given his current diagnoses and comorbid conditions." LIB0265. Thus, Dr. Blake's opinion of disability was inconsistent with his own examination findings.

**100.   Dr. Blake stated: "in my clinical opinion, this patient is unable to return to work at this time given his current diagnoses and comorbid conditions." (LIB 265).**

100.   Objection; under the appropriate standard of review in this case, this purported fact constitutes legal argument in that it construes and characterizes documents contained in the Administrative Record. Lincoln does not dispute that

60

the document LIB265 is contained in the Administrative Record.  Lincoln refers to that document and to the entire Administrative Record and objects to Plaintiff's characterization of the document to the extent incomplete or inconsistent with its actual terms or any part of the Administrative Record.  Here, Dr. Blake's progress note described Plaintiff's "chronic" neck and back pain, but on physical exam, Dr. Blake wrote:  "Neck: Normal range of motion.  Neck supple."  LIB0264. "Pulmonary/Chest: Effort normal and breath sounds normal.  No respiratory distress."  LIB0264.  "Musculoskeletal: Normal range of motion.  He exhibits no edema, tenderness or deformity."  LIB0264.  "Neurological: He is alert and oriented to person, place, and time.  He has normal reflexes. . . .  No cranial nerve deficit.  He exhibits normal muscle tone.  Coordination is normal."  LIB0264. Despite such unremarkable exam findings, however, Dr. Blake also wrote, without any supporting rationale, "In my clinical opinion, this patient is unable to return to work at this time given his current diagnoses and comorbid conditions."  LIB0265. Thus, Dr. Blake's opinion of disability was inconsistent with his own examination findings.

**101.  On May 15, 2019, Harris appealed the denial via letter enclosing medical records and pointing out all the statements from Dr. Blake, Dr. Feeman and Dr. Bendiks that he was totally disabled. (LIB 242-44).**

61

101.   Lincoln does not dispute for purposes of the pending cross-motions that Plaintiff appealed Lincoln's determination by letter dated May 15, 2019. Lincoln does not dispute that the documents LIB242–44 are contained in the Administrative Record.  Lincoln refers to those documents and to the entire Administrative Record and objects to Plaintiff's characterization of the documents to the extent incomplete or inconsistent with their actual terms or any part of the Administrative Record.

**102.   On May 21, 2019, Harris attended an IME in conjunction with his car wreck with a chiropractor, Dr. Donald Capoferri. (LIB 175-199).**

102.   Objection; under the appropriate standard of review in this case, this purported fact constitutes legal argument in that it construes and characterizes documents contained in the Administrative Record.  Lincoln does not dispute that the documents LIB175–99 are contained in the Administrative Record.  Lincoln refers to those documents and to the entire Administrative Record and objects to Plaintiff's characterization of the documents to the extent incomplete or inconsistent with their actual terms or any part of the Administrative Record. While Dr. Capoferri's report concludes that Plaintiff's injuries "have caused permanent and consequential limitations," Dr. Capoferri did not describe what those limitations were or what functional capacity the Plaintiff might retain.  *See* LIB0182.

**103.   Dr. Capoferri was largely focused on answering whether or not Harris' problems were caused by the motor vehicle accident on October 4, 2016 and found that the problems were a direct result of the accident. (LIB 182).**

103.   Objection; under the appropriate standard of review in this case, this purported fact constitutes legal argument in that it construes and characterizes documents contained in the Administrative Record.  Lincoln does not dispute that the document LIB182 is contained in the Administrative Record.  Lincoln refers to that document and to the entire Administrative Record and objects to Plaintiff's characterization of the document to the extent incomplete or inconsistent with its actual terms or any part of the Administrative Record.  While Dr. Capoferri's report concludes that Plaintiff's injuries "have caused permanent and consequential limitations," Dr. Capoferri did not describe what those limitations were or what functional capacity the Plaintiff might retain.  *See* LIB0182.

**104.   Nevertheless, his examination results are instructive. (LIB 182).**

104.   Objection; under the appropriate standard of review in this case, this purported fact constitutes legal argument in that it construes and characterizes documents contained in the Administrative Record.  Lincoln does not dispute that the document LIB182 is contained in the Administrative Record.  Lincoln refers to that document and to the entire Administrative Record and objects to Plaintiff's characterization of the document to the extent incomplete or inconsistent with its

actual terms or any part of the Administrative Record.  While Dr. Capoferri's report concludes that Plaintiff's injuries "have caused permanent and consequential limitations," Dr. Capoferri did not describe what those limitations were or what functional capacity the Plaintiff might retain.  *See* LIB0182.

**105.    Dr. Capoferri noted Harris' many and varied attempts to treat his pain. (LIB 182).**

105.    Objection; under the appropriate standard of review in this case, this purported fact constitutes legal argument in that it construes and characterizes documents contained in the Administrative Record.  Lincoln does not dispute that the document LIB182 is contained in the Administrative Record.  Lincoln refers to that document and to the entire Administrative Record and objects to Plaintiff's characterization of the document to the extent incomplete or inconsistent with its actual terms or any part of the Administrative Record.  While Dr. Capoferri's report concludes that Plaintiff's injuries "have caused permanent and consequential limitations," Dr. Capoferri did not describe what those limitations were or what functional capacity the Plaintiff might retain.  *See* LIB0182.

**106.    Dr. Capoferri agreed that Harris needed both cervical and lumbar surgery "to maintain any level of functionality for the balance of ...[his] life." (LIB 182).**

106.    Objection; under the appropriate standard of review in this case, this purported fact constitutes legal argument in that it construes and characterizes

64

documents contained in the Administrative Record.  Lincoln does not dispute that the document LIB182 is contained in the Administrative Record.  Lincoln refers to that document and to the entire Administrative Record and objects to Plaintiff's characterization of the document to the extent incomplete or inconsistent with its actual terms or any part of the Administrative Record.  While Dr. Capoferri's report concludes that Plaintiff's injuries "have caused permanent and consequential limitations," Dr. Capoferri did not describe what those limitations were or what functional capacity the Plaintiff might retain.  *See* LIB0182.

**107.   Overall he found that injuries caused permanent and consequential limitations.  (LIB 182).**

107.   Objection; under the appropriate standard of review in this case, this purported fact constitutes legal argument in that it construes and characterizes documents contained in the Administrative Record.  Lincoln does not dispute that the document LIB182 is contained in the Administrative Record.  Lincoln refers to that document and to the entire Administrative Record and objects to Plaintiff's characterization of the document to the extent incomplete or inconsistent with its actual terms or any part of the Administrative Record.  While Dr. Capoferri's report concludes that Plaintiff's injuries "have caused permanent and consequential limitations," Dr. Capoferri did not describe what those limitations were or what functional capacity the Plaintiff might retain.  *See* LIB0182.

65

**108.   In June of 2019, Harris submitted Dr. Capoferri's report, notes regarding his recent surgery for his hidradenitis and pictures of his wounds. (LIB 172-173).**

108.   Lincoln does not dispute for purposes of the pending cross-motions that Plaintiff submitted certain materials, including the documents LIB172–73, to Lincoln in connection with his appeal of Lincoln's determination.  Lincoln does not dispute that the documents LIB172–73 are contained in the Administrative Record.  Lincoln refers to those documents and to the entire Administrative Record and objects to Plaintiff's characterization of the documents to the extent incomplete or inconsistent with their actual terms or any part of the Administrative Record.

### D.   FINAL DENIAL

**109.   On July 9, 2019, Defendant had the file reviewed by a Dr. Sheila Natarajan.  (LIB 116-119).**

109.   Lincoln does not dispute for purposes of the pending cross-motions that Dr. Sheila Natarajan, who is board-certified in physical medicine and rehabilitation, reviewed the medical evidence and prepared a peer review report dated July 9, 2019.  Lincoln does not dispute that the documents LIB116–19 are contained in the Administrative Record.  Lincoln refers to those documents and to the entire Administrative Record and objects to Plaintiff's characterization of the

66

documents to the extent incomplete or inconsistent with their actual terms or any part of the Administrative Record.

**110.   Dr. Natarajan was not able to make contact with Harris' pain doctor. (LIB 117).**

110.   Objection; under the appropriate standard of review in this case, this purported fact constitutes legal argument in that it construes and characterizes documents contained in the Administrative Record.  Lincoln does not dispute that the document LIB117 is contained in the Administrative Record.  Lincoln refers to that document and to the entire Administrative Record and objects to Plaintiff's characterization of the document to the extent incomplete or inconsistent with its actual terms or any part of the Administrative Record.

**111.   Without benefit of examination or even contact with Harris' doctor, Dr. Natarajan concluded that Harris could perform sedentary work. (LIB 117).**

111.   Objection; under the appropriate standard of review in this case, this purported fact constitutes legal argument in that it construes and characterizes documents contained in the Administrative Record.  Lincoln objects that Plaintiff has mischaracterized Dr. Natarajan's report.  Lincoln refers to pages 15–17 of its Opposition Memorandum, filed herewith, for a detailed rebuttal of Plaintiff's erroneous arguments as to Dr. Natarajan.  Lincoln does not dispute that the document LIB117 is contained in the Administrative Record.  Lincoln refers to that

document and to the entire Administrative Record and objects to Plaintiff's

characterization of the document to the extent incomplete or inconsistent with its

actual terms or any part of the Administrative Record.

**112.   Dr. Natarajan stated that the MRIs were from 2017 (she did not examine the 2018 lumbar MRI at that time) and opined that Harris' discs could have been recovered from his herniations "given the amount of time that has passed" and stated that it is "possible for disc resorption and remodeling to occur around the previous herniations." (LIB 118).**

112.   Objection; under the appropriate standard of review in this case, this

purported fact constitutes legal argument in that it construes and characterizes

documents contained in the Administrative Record.  Lincoln objects that Plaintiff

has mischaracterized Dr. Natarajan's report.  Lincoln refers to pages 15–17 of its

Opposition Memorandum, filed herewith, for a detailed rebuttal of Plaintiff's

erroneous arguments as to Dr. Natarajan.  Lincoln does not dispute that the

document LIB118 is contained in the Administrative Record.  Lincoln refers to that

document and to the entire Administrative Record and objects to Plaintiff's

characterization of the document to the extent incomplete or inconsistent with its

actual terms or any part of the Administrative Record.

**113.   She also opined that his radiculopathy could have improved. (LIB 118).**

113.   Objection; under the appropriate standard of review in this case, this

purported fact constitutes legal argument in that it construes and characterizes

documents contained in the Administrative Record. Lincoln objects that Plaintiff has mischaracterized Dr. Natarajan's report. Lincoln refers to pages 15–17 of its Opposition Memorandum, filed herewith, for a detailed rebuttal of Plaintiff's erroneous arguments as to Dr. Natarajan. Lincoln does not dispute that the document LIB118 is contained in the Administrative Record. Lincoln refers to that document and to the entire Administrative Record and objects to Plaintiff's characterization of the document to the extent incomplete or inconsistent with its actual terms or any part of the Administrative Record.

**114.   She deferred comment on the hidradenitis to a more appropriate specialist. (LIB 118).**

114.   Objection; under the appropriate standard of review in this case, this purported fact constitutes legal argument in that it construes and characterizes documents contained in the Administrative Record. Lincoln objects that Plaintiff has mischaracterized Dr. Natarajan's report. Lincoln refers to pages 15–17 of its Opposition Memorandum, filed herewith, for a detailed rebuttal of Plaintiff's erroneous arguments as to Dr. Natarajan. Lincoln does not dispute that the document LIB118 is contained in the Administrative Record. Lincoln refers to that document and to the entire Administrative Record and objects to Plaintiff's characterization of the document to the extent incomplete or inconsistent with its actual terms or any part of the Administrative Record.

**115.    On July 23, 2019, Defendant had another vocational statement made based upon Dr. Natarajan's opinion stating that Harris could perform work as an Accountant but that Disc Jockey would be precluded. (LIB 120).**

115.    Lincoln does not dispute for purposes of the pending cross-motions that Lori Ashworth prepared a vocational memorandum dated July 23, 2019. Lincoln does not dispute that the document LIB120 is contained in the Administrative Record.  Lincoln refers to that document and to the entire Administrative Record and objects to Plaintiff's characterization of the document to the extent incomplete or inconsistent with its actual terms or any part of the Administrative Record.

**116.    On July 24, 2019, Defendant had the file reviewed by Dr. David Houghton, an internist and pediatrician. (LIB 122-128).**

116.    Lincoln does not dispute for purposes of the pending cross-motions that Dr. David Houghton, who is board-certified in internal medicine, reviewed the medical evidence and prepared a peer review report dated July 24, 2019.  Lincoln does not dispute that the documents LIB122–28 are contained in the Administrative Record.  Lincoln refers to those documents and to the entire Administrative Record and objects to Plaintiff's characterization of the documents to the extent incomplete or inconsistent with their actual terms or any part of the Administrative Record.

**117.    Dr. Houghton did not examine Harris. (LIB 122-128).**

70

117.   Objection; under the appropriate standard of review in this case, this purported fact constitutes legal argument in that it construes and characterizes documents contained in the Administrative Record.  Lincoln objects that Plaintiff has mischaracterized Dr. Houghton's report.  Lincoln refers to 18–24 of its Opposition Memorandum, filed herewith, for a detailed rebuttal of Plaintiff's erroneous arguments as to Dr. Houghton.  Lincoln does not dispute that the documents LIB122–28 are contained in the Administrative Record.  Lincoln refers to those documents and to the entire Administrative Record and objects to Plaintiff's characterization of the documents to the extent incomplete or inconsistent with their actual terms or any part of the Administrative Record.

**118.   Dr. Houghton did not even attempt to discuss Harris' case with any of his doctors. (LIB 122-128).**

118.   Objection; under the appropriate standard of review in this case, this purported fact constitutes legal argument in that it construes and characterizes documents contained in the Administrative Record.  Lincoln objects that Plaintiff has mischaracterized Dr. Houghton's report.  Lincoln refers to pages 18–24 of its Opposition Memorandum, filed herewith, for a detailed rebuttal of Plaintiff's erroneous arguments as to Dr. Houghton.  Lincoln does not dispute that the documents LIB122–28 are contained in the Administrative Record.  Lincoln refers to those documents and to the entire Administrative Record and objects to

71

Plaintiff's characterization of the documents to the extent incomplete or inconsistent with their actual terms or any part of the Administrative Record.

**119.    Dr. Houghton's report is riddled with readily apparent flaws and inconsistencies. (LIB 122-128).**

119.    Objection; under the appropriate standard of review in this case, this purported fact constitutes legal argument in that it construes and characterizes documents contained in the Administrative Record.  Lincoln objects that Plaintiff has mischaracterized Dr. Houghton's report.  Lincoln refers to pages 18–24 of its Opposition Memorandum, filed herewith, for a detailed rebuttal of Plaintiff's erroneous arguments as to Dr. Houghton.  Lincoln objects that Plaintiff has mischaracterized the contents of Dr. Houghton's report.  Lincoln does not dispute that the documents LIB122–28 are contained in the Administrative Record. Lincoln refers to those documents and to the entire Administrative Record and objects to Plaintiff's characterization of the documents to the extent incomplete or inconsistent with their actual terms or any part of the Administrative Record.

**120.    For example, his main opinion was that Harris had long standing neck and back pain since before 2013, but that Harris was able to work with the pain and thus should be able to work with the pain he has had since the 2016 "minor automobile collision." (LIB 123, LIB 128).**

120.    Objection; under the appropriate standard of review in this case, this purported fact constitutes legal argument in that it construes and characterizes

documents contained in the Administrative Record.  Lincoln objects that Plaintiff

has mischaracterized Dr. Houghton's report.  Lincoln refers to pages 18–24 of its

Opposition Memorandum, filed herewith, for a detailed rebuttal of Plaintiff's

erroneous arguments as to Dr. Houghton.  Lincoln does not dispute that the

documents LIB123 and LIB128 are contained in the Administrative Record.

Lincoln refers to those documents and to the entire Administrative Record and

objects to Plaintiff's characterization of the documents to the extent incomplete or

inconsistent with their actual terms or any part of the Administrative Record.

**121.   The most obvious problem with Dr. Houghton's theory that Harris had long standing pain since before 2013 is that Dr. Houghton only reviewed records from 2015 forward. (LIB 128).**

121.   Objection; under the appropriate standard of review in this case, this

purported fact constitutes legal argument in that it construes and characterizes

documents contained in the Administrative Record.  Lincoln objects that Plaintiff

has mischaracterized Dr. Houghton's report.  Lincoln refers to pages 18–24 of its

Opposition Memorandum, filed herewith, for a detailed rebuttal of Plaintiff's

erroneous arguments as to Dr. Houghton.  Lincoln does not dispute that the

document LIB128 is contained in the Administrative Record.  Lincoln refers to that

document and to the entire Administrative Record and objects to Plaintiff's

characterization of the document to the extent incomplete or inconsistent with its actual terms or any part of the Administrative Record.

**122.    Another serious flaw with Dr. Houghton's report is that he failed to thoroughly examine the records. (LIB 123).**

122.    Objection; under the appropriate standard of review in this case, this purported fact constitutes legal argument in that it construes and characterizes documents contained in the Administrative Record.  Lincoln objects that Plaintiff has mischaracterized Dr. Houghton's report.  Lincoln refers to pages 18–24 of its Opposition Memorandum, filed herewith, for a detailed rebuttal of Plaintiff's erroneous arguments as to Dr. Houghton.  Lincoln does not dispute that the document LIB123 is contained in the Administrative Record.  Lincoln refers to that document and to the entire Administrative Record and objects to Plaintiff's characterization of the document to the extent incomplete or inconsistent with its actual terms or any part of the Administrative Record.

**123.    Dr. Houghton begins his analysis stating that "the claimant has a long history of neck and back pain.  In 2015 he had an MRI of the cervical spine that showed degenerative changes..." (LIB 123).**

123.    Objection; under the appropriate standard of review in this case, this purported fact constitutes legal argument in that it construes and characterizes documents contained in the Administrative Record.  Lincoln objects that Plaintiff has mischaracterized Dr. Houghton's report.  Lincoln refers to pages 18–24 of its

Opposition Memorandum, filed herewith, for a detailed rebuttal of Plaintiff's

erroneous arguments as to Dr. Houghton.  Lincoln does not dispute that the

document LIB123 is contained in the Administrative Record.  Lincoln refers to that

document and to the entire Administrative Record and objects to Plaintiff's

characterization of the document to the extent incomplete or inconsistent with its

actual terms or any part of the Administrative Record.

**124.   Had Dr. Houghton thoroughly examined the 2015 MRI, he would have found that it was an MRI of another Virgil Harris who was born June 19, 1952 (ten years before the Virgil Harris in this case) that must have been placed in Harris' file by accident. (LIB 491).**

124.   Objection; under the appropriate standard of review in this case, this

purported fact constitutes legal argument in that it construes and characterizes

documents contained in the Administrative Record.  Lincoln objects that Plaintiff

has mischaracterized Dr. Houghton's report.  Lincoln refers to pages 18–24 of its

Opposition Memorandum, filed herewith, for a detailed rebuttal of Plaintiff's

erroneous arguments as to Dr. Houghton.  Lincoln does not dispute that the

document LIB491 is contained in the Administrative Record.  Lincoln refers to that

document and to the entire Administrative Record and objects to Plaintiff's

characterization of the document to the extent incomplete or inconsistent with its

actual terms or any part of the Administrative Record.

75

**125.   Harris' actual birth date is on the front page of Dr. Houghton's report so ignorance cannot be an excuse here. (LIB 122).**

125.   Objection; under the appropriate standard of review in this case, this purported fact constitutes legal argument in that it construes and characterizes documents contained in the Administrative Record.  Lincoln objects that Plaintiff has mischaracterized Dr. Houghton's report.  Lincoln refers to pages 18–24 of its Opposition Memorandum, filed herewith, for a detailed rebuttal of Plaintiff's erroneous arguments as to Dr. Houghton.  Lincoln does not dispute that the document LIB122 is contained in the Administrative Record.  Lincoln refers to that document and to the entire Administrative Record and objects to Plaintiff's characterization of the document to the extent incomplete or inconsistent with its actual terms or any part of the Administrative Record.

**126.   Thus, Dr. Houghton's argument is based in large part on a mistake. (LIB 122).**

126.   Objection; under the appropriate standard of review in this case, this purported fact constitutes legal argument in that it construes and characterizes documents contained in the Administrative Record.  Lincoln objects that Plaintiff has mischaracterized Dr. Houghton's report.  Lincoln refers to pages 18–24 of its Opposition Memorandum, filed herewith, for a detailed rebuttal of Plaintiff's erroneous arguments as to Dr. Houghton.  Lincoln does not dispute that the

document LIB122 is contained in the Administrative Record. Lincoln refers to that document and to the entire Administrative Record and objects to Plaintiff's characterization of the document to the extent incomplete or inconsistent with its actual terms or any part of the Administrative Record.

**127.    Further the medical records that actually did concern Harris that Dr. Houghton examined did not show serious pain prior to the October 2016 accident. (LIB 123).**

127.    Objection; under the appropriate standard of review in this case, this purported fact constitutes legal argument in that it construes and characterizes documents contained in the Administrative Record. Lincoln objects that Plaintiff has mischaracterized Dr. Houghton's report. Lincoln refers to pages 18–24 of its Opposition Memorandum, filed herewith, for a detailed rebuttal of Plaintiff's erroneous arguments as to Dr. Houghton. Lincoln does not dispute that the document LIB123 is contained in the Administrative Record. Lincoln refers to that document and to the entire Administrative Record and objects to Plaintiff's characterization of the document to the extent incomplete or inconsistent with its actual terms or any part of the Administrative Record.

**128.    Dr. Houghton himself admits that Harris' "annual exams in May 2015 and March 2016 said nothing about neck and back pain." (LIB 123).**

128.    Objection; under the appropriate standard of review in this case, this purported fact constitutes legal argument in that it construes and characterizes

77

documents contained in the Administrative Record.  Lincoln objects that Plaintiff has mischaracterized Dr. Houghton's report.  Lincoln refers to pages 18–24 of its Opposition Memorandum, filed herewith, for a detailed rebuttal of Plaintiff's erroneous arguments as to Dr. Houghton.  Lincoln does not dispute that the document LIB123 is contained in the Administrative Record.  Lincoln refers to that document and to the entire Administrative Record and objects to Plaintiff's characterization of the document to the extent incomplete or inconsistent with its actual terms or any part of the Administrative Record.

**129.    Dr. Houghton also noted that Harris was "working out" prior to the October 2016 accident to try and lose weight. (LIB 123).**

129.    Objection; under the appropriate standard of review in this case, this purported fact constitutes legal argument in that it construes and characterizes documents contained in the Administrative Record.  Lincoln objects that Plaintiff has mischaracterized Dr. Houghton's report.  Lincoln refers to pages 18–24 of its Opposition Memorandum, filed herewith, for a detailed rebuttal of Plaintiff's erroneous arguments as to Dr. Houghton.  Lincoln does not dispute that the document LIB123 is contained in the Administrative Record.  Lincoln refers to that document and to the entire Administrative Record and objects to Plaintiff's characterization of the document to the extent incomplete or inconsistent with its actual terms or any part of the Administrative Record.

78

**130.    Overall, Dr. Houghton stated that Harris' self documented recreational activity suggested that his condition was not as severe as he indicated to his clinicians. (LIB 123).**

130.    Objection; under the appropriate standard of review in this case, this purported fact constitutes legal argument in that it construes and characterizes documents contained in the Administrative Record. Lincoln objects that Plaintiff has mischaracterized Dr. Houghton's report. Lincoln refers to pages 18–24 of its Opposition Memorandum, filed herewith, for a detailed rebuttal of Plaintiff's erroneous arguments as to Dr. Houghton. Lincoln does not dispute that the document LIB123 is contained in the Administrative Record. Lincoln refers to that document and to the entire Administrative Record and objects to Plaintiff's characterization of the document to the extent incomplete or inconsistent with its actual terms or any part of the Administrative Record.

**131.    However Dr. Houghton utilizes activity which occurred before the October 2016 motor vehicle collusion and before Harris claimed disability status in this attempt to undermine Harris' credibility. (LIB 124).**

131.    Objection; under the appropriate standard of review in this case, this purported fact constitutes legal argument in that it construes and characterizes documents contained in the Administrative Record. Lincoln objects that Plaintiff has mischaracterized Dr. Houghton's report. Lincoln refers to pages 18–24 of its Opposition Memorandum, filed herewith, for a detailed rebuttal of Plaintiff's

erroneous arguments as to Dr. Houghton.  Lincoln does not dispute that the document LIB124 is contained in the Administrative Record.  Lincoln refers to that document and to the entire Administrative Record and objects to Plaintiff's characterization of the document to the extent incomplete or inconsistent with its actual terms or any part of the Administrative Record.

**132.   He references Harris being upset with his doctors after one of his skin surgeries in April of 2016 and the back strain after playing golf in July of 2016. (LIB 124).**

132.   Objection; under the appropriate standard of review in this case, this purported fact constitutes legal argument in that it construes and characterizes documents contained in the Administrative Record.  Lincoln objects that Plaintiff has mischaracterized Dr. Houghton's report.  Lincoln refers to pages 18–24 of its Opposition Memorandum, filed herewith, for a detailed rebuttal of Plaintiff's erroneous arguments as to Dr. Houghton.  Lincoln does not dispute that the document LIB124 is contained in the Administrative Record.  Lincoln refers to that document and to the entire Administrative Record and objects to Plaintiff's characterization of the document to the extent incomplete or inconsistent with its actual terms or any part of the Administrative Record.

**133.   Neither of these events are overly germane to Harris' condition after the October, 2016 accident. (LIB 124).**

133.    Objection; under the appropriate standard of review in this case, this purported fact constitutes legal argument in that it construes and characterizes documents contained in the Administrative Record.  Lincoln objects that Plaintiff has mischaracterized Dr. Houghton's report.  Lincoln refers to pages 18–24 of its Opposition Memorandum, filed herewith, for a detailed rebuttal of Plaintiff's erroneous arguments as to Dr. Houghton.  Lincoln does not dispute that the document LIB124 is contained in the Administrative Record.  Lincoln refers to that document and to the entire Administrative Record and objects to Plaintiff's characterization of the document to the extent incomplete or inconsistent with its actual terms or any part of the Administrative Record.

**134.    Dr. Houghton then claimed that Harris' facebook posts and photos showed he was active with his DJ career despite the fact that the investigative report did not actually demonstrate what year any of the activities occurred. (LIB 126).**

134.    Objection; under the appropriate standard of review in this case, this purported fact constitutes legal argument in that it construes and characterizes documents contained in the Administrative Record.  Lincoln objects that Plaintiff has mischaracterized Dr. Houghton's report.  Lincoln refers to pages 18–24 of its Opposition Memorandum, filed herewith, for a detailed rebuttal of Plaintiff's erroneous arguments as to Dr. Houghton.  Lincoln does not dispute that the document LIB126 is contained in the Administrative Record.  Lincoln refers to that

81

document and to the entire Administrative Record and objects to Plaintiff's characterization of the document to the extent incomplete or inconsistent with its actual terms or any part of the Administrative Record.

**135.   In the attached affidavit, Harris explains that the events documented in the social media field investigation were all prior to the 2016 accident.  (See Exhibit A).**

135.   Objection.  Plaintiff improperly attempts to reconfigure the record by submitting a new affidavit to deny his continued employment as a disc jockey.  *See* Blankenship v. Metropolitan Life Ins. Co., 644 F.3d 1350, 1354 (11th Cir. 2011), *cert. denied*, 565 U.S. 1093 (2011) ("Review of the plan administrator's denial of benefits is limited to consideration of the material available to the administrator at the time it made its decision."); *see also*, *e.g*., Denmark v. Liberty Life Assurance Co., 566 F.3d 1, 10 (1st Cir. 2009) (explaining that extra-record discovery "would reconfigure [the] record and distort judicial review").  Plaintiff's new affidavit is inadmissible because it was never considered by the administrator.

**136.   Dr. Houghton admitted that the January 2017 MRI of the cervical spine showed more serious problems than the 2015 cervical MRI (the one which concerned another person entirely), but opined that Harris' main symptoms are caused by his low back and that is caused by his obesity. (LIB 125).**

136.   Objection; under the appropriate standard of review in this case, this purported fact constitutes legal argument in that it construes and characterizes

documents contained in the Administrative Record.  Lincoln objects that Plaintiff

has mischaracterized Dr. Houghton's report.  Lincoln refers to pages 18–24 of its

Opposition Memorandum, filed herewith, for a detailed rebuttal of Plaintiff's

erroneous arguments as to Dr. Houghton.  Lincoln does not dispute that the

document LIB125 is contained in the Administrative Record.  Lincoln refers to that

document and to the entire Administrative Record and objects to Plaintiff's

characterization of the document to the extent incomplete or inconsistent with its

actual terms or any part of the Administrative Record.

**137.   Dr. Houghton examined Harris' facebook page which apparently had a video of his June 2019 skin surgery and appeared in Dr. Houghton's opinion to show Harris in no pain and with good range of motion in one of his shoulders. (LIB 127).**

137.   Objection; under the appropriate standard of review in this case, this

purported fact constitutes legal argument in that it construes and characterizes

documents contained in the Administrative Record.  Lincoln objects that Plaintiff

has mischaracterized Dr. Houghton's report.  Lincoln refers to pages 18–24 of its

Opposition Memorandum, filed herewith, for a detailed rebuttal of Plaintiff's

erroneous arguments as to Dr. Houghton.  Lincoln does not dispute that the

document LIB127 is contained in the Administrative Record.  Lincoln refers to that

document and to the entire Administrative Record and objects to Plaintiff's

characterization of the document to the extent incomplete or inconsistent with its actual terms or any part of the Administrative Record.

**138.   Dr. Houghton also stated that the Facebook page showed a good social life and golfing "at the same time" as Harris reporting constant pain. (LIB127).**

138.   Objection; under the appropriate standard of review in this case, this purported fact constitutes legal argument in that it construes and characterizes documents contained in the Administrative Record.  Lincoln objects that Plaintiff has mischaracterized Dr. Houghton's report.  Lincoln refers to pages 18–24 of its Opposition Memorandum, filed herewith, for a detailed rebuttal of Plaintiff's erroneous arguments as to Dr. Houghton.  Lincoln does not dispute that the document LIB127 is contained in the Administrative Record.  Lincoln refers to that document and to the entire Administrative Record and objects to Plaintiff's characterization of the document to the extent incomplete or inconsistent with its actual terms or any part of the Administrative Record.

**139.   However, Dr. Houghton does not actually provide copies of the Facebook page or the video with his report. (LIB 127).**

139.   Objection; under the appropriate standard of review in this case, this purported fact constitutes legal argument in that it construes and characterizes documents contained in the Administrative Record.  Lincoln objects that Plaintiff has mischaracterized Dr. Houghton's report.  Lincoln refers to pages 18–24 of its

Opposition Memorandum, filed herewith, for a detailed rebuttal of Plaintiff's

erroneous arguments as to Dr. Houghton.  Lincoln does not dispute that the

document LIB127 is contained in the Administrative Record.  Lincoln refers to that

document and to the entire Administrative Record and objects to Plaintiff's

characterization of the document to the extent incomplete or inconsistent with its

actual terms or any part of the Administrative Record.

**140.    Overall, Dr. Houghton opined that Harris could perform full-time productive activity. (LIB 128).**

140.    Objection; under the appropriate standard of review in this case, this

purported fact constitutes legal argument in that it construes and characterizes

documents contained in the Administrative Record.  Lincoln objects that Plaintiff

has mischaracterized Dr. Houghton's report.  Lincoln refers to pages 18–24 of its

Opposition Memorandum, filed herewith, for a detailed rebuttal of Plaintiff's

erroneous arguments as to Dr. Houghton.  Lincoln does not dispute that the

document LIB128 is contained in the Administrative Record.  Lincoln refers to that

document and to the entire Administrative Record and objects to Plaintiff's

characterization of the document to the extent incomplete or inconsistent with its

actual terms or any part of the Administrative Record.

**141.    On August 2, 2019, Harris wrote Defendant stating amongst other things that his social life is down 80% since the October 2016 accident, that he does not dance and has not "DJed" or worked as a DJ in years. (LIB 81-88).**

141.   Objection; under the appropriate standard of review in this case, this purported fact constitutes legal argument in that it construes and characterizes documents contained in the Administrative Record.  Lincoln does not dispute that the documents LIB81–88 are contained in the Administrative Record.  Lincoln refers to those documents and to the entire Administrative Record and objects to Plaintiff's characterization of the documents to the extent incomplete or inconsistent with their actual terms or any part of the Administrative Record.

**142.   He stated that there was an IME report in 2013 where his back impairment was listed as only a 10% impairment as a result of a previous car accident. (LIB 81-88).**

142.   Objection; under the appropriate standard of review in this case, this purported fact constitutes legal argument in that it construes and characterizes documents contained in the Administrative Record.  Lincoln does not dispute that the documents LIB81–88 are contained in the Administrative Record.  Lincoln refers to those documents and to the entire Administrative Record and objects to Plaintiff's characterization of the documents to the extent incomplete or inconsistent with their actual terms or any part of the Administrative Record.

**143.   He noted that his impairment rating post the 2016 accident is 39%. (LIB 81-88).**

143.   Objection; under the appropriate standard of review in this case, this purported fact constitutes legal argument in that it construes and characterizes

documents contained in the Administrative Record.  Lincoln does not dispute that the documents LIB81–88 are contained in the Administrative Record.  Lincoln refers to those documents and to the entire Administrative Record and objects to Plaintiff's characterization of the documents to the extent incomplete or inconsistent with their actual terms or any part of the Administrative Record.

**144.   He also stated that the video of his June 2019 surgery was 13 seconds. (LIB 85).**

144.   Objection; under the appropriate standard of review in this case, this purported fact constitutes legal argument in that it construes and characterizes documents contained in the Administrative Record.  Lincoln does not dispute that the document LIB85 is contained in the Administrative Record.  Lincoln refers to that document and to the entire Administrative Record and objects to Plaintiff's characterization of the document to the extent incomplete or inconsistent with its actual terms or any part of the Administrative Record.

**145.   Harris further questioned whether a 2015 Cervical MRI was actually performed. (LIB 86).**

145.   Objection; under the appropriate standard of review in this case, this purported fact constitutes legal argument in that it construes and characterizes documents contained in the Administrative Record.  Lincoln does not dispute that the document LIB86 is contained in the Administrative Record.  Lincoln refers to

that document and to the entire Administrative Record and objects to Plaintiff's characterization of the document to the extent incomplete or inconsistent with its actual terms or any part of the Administrative Record.  During the administrative process, Plaintiff had an opportunity to respond to Dr. Houghton's report, and despite asserting a variety of other criticisms, Plaintiff did not then assert that the MRI belonged to a different person.  *See* LIB0081–83; LIB0086.

**146.   On August 12, 2019, Harris' dermatological records showed a new flare of his hydradenitis, but that the surgical site was healing. (LIB 62).**

145.   Objection; under the appropriate standard of review in this case, this purported fact constitutes legal argument in that it construes and characterizes documents contained in the Administrative Record.  Lincoln does not dispute that the document LIB62 is contained in the Administrative Record.  Lincoln refers to that document and to the entire Administrative Record and objects to Plaintiff's characterization of the document to the extent incomplete or inconsistent with its actual terms or any part of the Administrative Record.  Here, the post-operative records from Plaintiff's dermatologist showed the "surgical site healing well" and "good arm mobility."  LIB0062.

**147.   On August 14, 2019, Defendant asked for an extension to make a decision despite the fact that Harris had appealed on May 15, 2019. (LIB 78-79).**

88

147.   Objection; under the appropriate standard of review in this case, this purported fact constitutes legal argument in that it construes and characterizes documents contained in the Administrative Record.  Lincoln does not dispute that the documents LIB78–79 are contained in the Administrative Record.  Lincoln refers to those documents and to the entire Administrative Record and objects to Plaintiff's characterization of the documents to the extent incomplete or inconsistent with their actual terms or any part of the Administrative Record.

**148.   Dr. Houghton produced an addendum on August 16, 2019. (LIB 74-76).**

148.   Lincoln does not dispute for purposes of the pending cross-motions that Dr. David Houghton prepared an addendum peer review report dated August 16, 2019.  Lincoln objects that Plaintiff has mischaracterized Dr. Houghton's addendum report.  Lincoln refers to pages 18–24 of its Opposition Memorandum, filed herewith, for a detailed rebuttal of Plaintiff's erroneous arguments as to Dr. Houghton.  Lincoln does not dispute that the documents LIB74–76 are contained in the Administrative Record.  Lincoln refers to those documents and to the entire Administrative Record and objects to Plaintiff's characterization of the documents to the extent incomplete or inconsistent with their actual terms or any part of the Administrative Record.

**149.   Again, Dr. Houghton relies upon the video of the skin surgery stating that Harris remained sitting longer than ten minutes during the surgery. (LIB 74).**

149.   Objection; under the appropriate standard of review in this case, this purported fact constitutes legal argument in that it construes and characterizes documents contained in the Administrative Record.  Lincoln objects that Plaintiff has mischaracterized Dr. Houghton's addendum report.  Lincoln refers to pages 18–24 of its Opposition Memorandum, filed herewith, for a detailed rebuttal of Plaintiff's erroneous arguments as to Dr. Houghton.  Lincoln does not dispute that the document LIB74 is contained in the Administrative Record.  Lincoln refers to that document and to the entire Administrative Record and objects to Plaintiff's characterization of the document to the extent incomplete or inconsistent with its actual terms or any part of the Administrative Record.

**150.   Dr. Houghton does not address the obvious fact that Harris would have had at least local anesthesia during this time. (LIB 74).**

150.   Objection; under the appropriate standard of review in this case, this purported fact constitutes legal argument in that it construes and characterizes documents contained in the Administrative Record.  Lincoln objects that Plaintiff has mischaracterized Dr. Houghton's addendum report.  Lincoln refers to pages 18–24 of its Opposition Memorandum, filed herewith, for a detailed rebuttal of Plaintiff's erroneous arguments as to Dr. Houghton.  Lincoln does not dispute that

the document LIB74 is contained in the Administrative Record.  Lincoln refers to that document and to the entire Administrative Record and objects to Plaintiff's characterization of the document to the extent incomplete or inconsistent with its actual terms or any part of the Administrative Record.

**151.   Dr. Houghton again failed to notice that the 2015 cervical MRI does not concern the Harris in this case even after Harris questioned its existence. (LIB 75).**

151.   Objection; under the appropriate standard of review in this case, this purported fact constitutes legal argument in that it construes and characterizes documents contained in the Administrative Record.  Lincoln objects that Plaintiff has mischaracterized Dr. Houghton's addendum report.  Lincoln refers to pages 18–24 of its Opposition Memorandum, filed herewith, for a detailed rebuttal of Plaintiff's erroneous arguments as to Dr. Houghton.  Lincoln does not dispute that the document LIB75 is contained in the Administrative Record.  Lincoln refers to that document and to the entire Administrative Record and objects to Plaintiff's characterization of the document to the extent incomplete or inconsistent with its actual terms or any part of the Administrative Record.

**152.   Dr. Houghton states that "review of the records showed that one was done on 2/17/15" without noticing that this MRI was done on a different person. (LIB 75).**

152.    Objection; under the appropriate standard of review in this case, this purported fact constitutes legal argument in that it construes and characterizes documents contained in the Administrative Record.  Lincoln objects that Plaintiff has mischaracterized Dr. Houghton's addendum report.  Lincoln refers to pages 18–24 of its Opposition Memorandum, filed herewith, for a detailed rebuttal of Plaintiff's erroneous arguments as to Dr. Houghton.  Lincoln does not dispute that the document LIB75 is contained in the Administrative Record.  Lincoln refers to that document and to the entire Administrative Record and objects to Plaintiff's characterization of the document to the extent incomplete or inconsistent with its actual terms or any part of the Administrative Record.

**153.    Again he references the time Harris hurt himself golfing in July 2016. (LIB 74).**

153.    Objection; under the appropriate standard of review in this case, this purported fact constitutes legal argument in that it construes and characterizes documents contained in the Administrative Record.  Lincoln objects that Plaintiff has mischaracterized Dr. Houghton's addendum report.  Lincoln refers to pages 18–24 of its Opposition Memorandum, filed herewith, for a detailed rebuttal of Plaintiff's erroneous arguments as to Dr. Houghton.  Lincoln does not dispute that the document LIB74 is contained in the Administrative Record.  Lincoln refers to that document and to the entire Administrative Record and objects to Plaintiff's

characterization of the document to the extent incomplete or inconsistent with its actual terms or any part of the Administrative Record.

**154.    Dr. Houghton stated that Harris stated he had 10/10 pain as a result of the golf swing during that summer and yet continued to work. (LIB 74).**

154.    Objection; under the appropriate standard of review in this case, this purported fact constitutes legal argument in that it construes and characterizes documents contained in the Administrative Record.  Lincoln objects that Plaintiff has mischaracterized Dr. Houghton's addendum report.  Lincoln refers to pages 18–24 of its Opposition Memorandum, filed herewith, for a detailed rebuttal of Plaintiff's erroneous arguments as to Dr. Houghton.  Lincoln does not dispute that the document LIB74 is contained in the Administrative Record.  Lincoln refers to that document and to the entire Administrative Record and objects to Plaintiff's characterization of the document to the extent incomplete or inconsistent with its actual terms or any part of the Administrative Record.

**155.    However when Harris' records from July 2016 and August 2016 are examined there does not appear to be any statement from Harris regarding 10 out of 10 pain.  (See LIB 1260-1271 and LIB 863 - LIB 865).**

155.    Objection; under the appropriate standard of review in this case, this purported fact constitutes legal argument in that it construes and characterizes documents contained in the Administrative Record.  Lincoln objects that Plaintiff

has mischaracterized Dr. Houghton's addendum report. Lincoln refers to pages 18–24 of its Opposition Memorandum, filed herewith, for a detailed rebuttal of Plaintiff's erroneous arguments as to Dr. Houghton. Lincoln does not dispute that the documents LIB1260–71 and LIB863–65 are contained in the Administrative Record. Lincoln refers to those documents and to the entire Administrative Record and objects to Plaintiff's characterization of the documents to the extent incomplete or inconsistent with their actual terms or any part of the Administrative Record. Moreover, Plaintiff has misstated the record which does show prior to the October 2016 motor vehicle accident that Plaintiff complained of "back pain with spasms," and his treating physician recorded Plaintiff's pain score at that time as "10 - Worst pain ever." *See*, *e.g*., LIB0129.

**156.   Instead the pain is described as achy, dull and moderate. (See LIB 1260-1271 and LIB 863 - LIB 865).**

156.   Objection; under the appropriate standard of review in this case, this purported fact constitutes legal argument in that it construes and characterizes documents contained in the Administrative Record. Lincoln objects that Plaintiff has mischaracterized Dr. Houghton's addendum report. Lincoln refers to pages 18–24 of its Opposition Memorandum, filed herewith, for a detailed rebuttal of Plaintiff's erroneous arguments as to Dr. Houghton. Lincoln does not dispute that the documents LIB1260–71 and LIB863–65 are contained in the Administrative

94

Record.  Lincoln refers to those documents and to the entire Administrative Record and objects to Plaintiff's characterization of the documents to the extent incomplete or inconsistent with their actual terms or any part of the Administrative Record.  Moreover, Plaintiff has misstated the record which does show prior to the October 2016 motor vehicle accident that Plaintiff complained of "back pain with spasms," and his treating physician recorded Plaintiff's pain score at that time as "10 - Worst pain ever."  *See*, *e.g*., LIB0129.

**157.   Here Dr. Houghton again appears to be incompetent. (See LIB 1260-1271 and LIB 863-865).**

157.   Objection; under the appropriate standard of review in this case, this purported fact constitutes legal argument in that it construes and characterizes documents contained in the Administrative Record.  Lincoln objects that Plaintiff has mischaracterized Dr. Houghton's addendum report.  Lincoln refers to pages 18–24 of its Opposition Memorandum, filed herewith, for a detailed rebuttal of Plaintiff's erroneous arguments as to Dr. Houghton.  Lincoln does not dispute that the documents LIB1260–71 and LIB863–65 are contained in the Administrative Record.  Lincoln refers to those documents and to the entire Administrative Record and objects to Plaintiff's characterization of the documents to the extent incomplete or inconsistent with their actual terms or any part of the Administrative Record.  Moreover, Plaintiff has misstated the record which does show prior to the

October 2016 motor vehicle accident that Plaintiff complained of "back pain with spasms," and his treating physician recorded Plaintiff's pain score at that time as "10 - Worst pain ever." *See*, *e.g*., LIB0129.

**158.    In his addendum, Dr. Houghton stated that disc herniations are common and often asymptomatic. (LIB 74).**

158.    Objection; under the appropriate standard of review in this case, this purported fact constitutes legal argument in that it construes and characterizes documents contained in the Administrative Record.  Lincoln objects that Plaintiff has mischaracterized Dr. Houghton's addendum report.  Lincoln refers to pages 18–24 of its Opposition Memorandum, filed herewith, for a detailed rebuttal of Plaintiff's erroneous arguments as to Dr. Houghton.  Lincoln does not dispute that the document LIB74 is contained in the Administrative Record.  Lincoln refers to that document and to the entire Administrative Record and objects to Plaintiff's characterization of the document to the extent incomplete or inconsistent with its actual terms or any part of the Administrative Record.

**159.    The remainder of Dr. Houghton's addendum appeared to be generalizations regarding the value of FCEs and IMEs. (LIB 76).**

159.    Objection; under the appropriate standard of review in this case, this purported fact constitutes legal argument in that it construes and characterizes documents contained in the Administrative Record.  Lincoln objects that Plaintiff

96

has mischaracterized Dr. Houghton's addendum report. Lincoln refers to pages

18–24 of its Opposition Memorandum, filed herewith, for a detailed rebuttal of

Plaintiff's erroneous arguments as to Dr. Houghton. Lincoln does not dispute that

the document LIB76 is contained in the Administrative Record. Lincoln refers to

that document and to the entire Administrative Record and objects to Plaintiff's

characterization of the document to the extent incomplete or inconsistent with its

actual terms or any part of the Administrative Record.

**160.   On August 19, 2019, Harris submitted a letter from his dermatologist, Dr. Tava Rogers, which stated:**

> **Virgil Harris is a patient under my care at Grady Dermatology Clinic. He suffers from a disease called hydradenitis suppurativa, hurley stage 11-111. This is a disease with waxing and waning painful, draining nodules that affect his axilla, groin, and buttocks. The distinction Hurley stage 11-111 indicates that he has a severe form of this disease. Mr. Harris has undergone multiple surgeries to remove painful nodules, but in this disease, despite surgical intervention, new nodules come up on sites that were not operated on. Mr. Virgil has active disease and when new lesions come up on his buttocks, it can be very painful to sit, especially for prolonged periods of time. This is a chronic disease without a cure and, unfortunately, patients will suffer throughout their lives with episodes of these debilitating skin lesions. (LIB 61).**

160.   Objection; under the appropriate standard of review in this case, this

purported fact constitutes legal argument in that it construes and characterizes

documents contained in the Administrative Record. Lincoln does not dispute that

the document LIB61 is contained in the Administrative Record.  Lincoln refers to

that document and to the entire Administrative Record and objects to Plaintiff's

characterization of the document to the extent incomplete or inconsistent with its

actual terms or any part of the Administrative Record.  Here, Dr. Rogers's did not

identify, in her letter, any specific restrictions on Plaintiff's activities due to the

disease or offer any opinion that he was unable to work.  LIB0061.

**161.    Medical records from Dr. Blake on August 19, 2019 revealed neck and back pain since October 2016. (LIB 69-73).**

161.    Objection; under the appropriate standard of review in this case, this

purported fact constitutes legal argument in that it construes and characterizes

documents contained in the Administrative Record.  Lincoln does not dispute that

the documents LIB63–73 are contained in the Administrative Record.  Lincoln

refers to those documents and to the entire Administrative Record and objects to

Plaintiff's characterization of the documents to the extent incomplete or

inconsistent with their actual terms or any part of the Administrative Record.

**162.    Harris stated that the pain was worse when turning his neck to the side, especially to the left. (LIB 69-73).**

162.    Objection; under the appropriate standard of review in this case, this

purported fact constitutes legal argument in that it construes and characterizes

documents contained in the Administrative Record.  Lincoln does not dispute that

the documents LIB63–73 are contained in the Administrative Record.  Lincoln refers to those documents and to the entire Administrative Record and objects to Plaintiff's characterization of the documents to the extent incomplete or inconsistent with their actual terms or any part of the Administrative Record.

**163.    The pain was also worse with sitting for long periods, standing up straight, walking for long periods, and raising his left arm. (LIB 69-73).**

163.    Objection; under the appropriate standard of review in this case, this purported fact constitutes legal argument in that it construes and characterizes documents contained in the Administrative Record.  Lincoln does not dispute that the documents LIB63–73 are contained in the Administrative Record.  Lincoln refers to those documents and to the entire Administrative Record and objects to Plaintiff's characterization of the documents to the extent incomplete or inconsistent with their actual terms or any part of the Administrative Record.

**164.    The pain was worse when turning head to either side, especially the left. (LIB 69-73).**

164.    Objection; under the appropriate standard of review in this case, this purported fact constitutes legal argument in that it construes and characterizes documents contained in the Administrative Record.  Lincoln does not dispute that the documents LIB63–73 are contained in the Administrative Record.  Lincoln refers to those documents and to the entire Administrative Record and objects to

Plaintiff's characterization of the documents to the extent incomplete or inconsistent with their actual terms or any part of the Administrative Record.

**165.   The pain was made better with pain medication, leaning forward and maintaining motion. (LIB 69-73).**

165.   Objection; under the appropriate standard of review in this case, this purported fact constitutes legal argument in that it construes and characterizes documents contained in the Administrative Record.  Lincoln does not dispute that the documents LIB63–73 are contained in the Administrative Record.  Lincoln refers to those documents and to the entire Administrative Record and objects to Plaintiff's characterization of the documents to the extent incomplete or inconsistent with their actual terms or any part of the Administrative Record.

**166.   The pain shoots down the leg and back all the way down to both feet, especially the right foot. (LIB 69-73).**

166.   Objection; under the appropriate standard of review in this case, this purported fact constitutes legal argument in that it construes and characterizes documents contained in the Administrative Record.  Lincoln does not dispute that the documents LIB63–73 are contained in the Administrative Record.  Lincoln refers to those documents and to the entire Administrative Record and objects to Plaintiff's characterization of the documents to the extent incomplete or inconsistent with their actual terms or any part of the Administrative Record.

100

**167.  Dr. Blake found that the pain was chronic, severe and unchanged and that the pain was present in the thoracic spine, sacroiliac, lumbar spine and gluteal region. (LIB 69-73).**

167.  Objection; under the appropriate standard of review in this case, this purported fact constitutes legal argument in that it construes and characterizes documents contained in the Administrative Record.  Lincoln does not dispute that the documents LIB63–73 are contained in the Administrative Record.  Lincoln refers to those documents and to the entire Administrative Record and objects to Plaintiff's characterization of the documents to the extent incomplete or inconsistent with their actual terms or any part of the Administrative Record.

**168.  On August 22, 2019, Dr. Natarajan submitted an addendum in which she examined the 2018 MRI that she had failed to review previously. (LIB 56).**

168.  Lincoln does not dispute for purposes of the pending cross-motions that Dr. Sheila Natarajan prepared an addendum peer review report dated August 22, 2019.  Lincoln objects that Plaintiff has mischaracterized Dr. Natarajan's addendum report.  Lincoln refers to pages 15–17 of its Opposition Memorandum, filed herewith, for a detailed rebuttal of Plaintiff's erroneous arguments as to Dr. Natarajan.  Lincoln does not dispute that the document LIB56 is contained in the Administrative Record.  Lincoln refers to that document and to the entire Administrative Record and objects to Plaintiff's characterization of the document

101

to the extent incomplete or inconsistent with its actual terms or any part of the Administrative Record.

**169.    She admitted that it showed similar problems as the 2017 lumbar MRI, but stated that it did not change her opinion as to Harris' limitations. (LIB 56).**

169.    Objection; under the appropriate standard of review in this case, this purported fact constitutes legal argument in that it construes and characterizes documents contained in the Administrative Record.  Lincoln objects that Plaintiff has mischaracterized Dr. Natarajan's addendum report.  Lincoln refers to pages 15–17 of its Opposition Memorandum, filed herewith, for a detailed rebuttal of Plaintiff's erroneous arguments as to Dr. Natarajan.  Lincoln does not dispute that the document LIB56 is contained in the Administrative Record.  Lincoln refers to that document and to the entire Administrative Record and objects to Plaintiff's characterization of the document to the extent incomplete or inconsistent with its actual terms or any part of the Administrative Record.

**170.    On August 23, 2019, Defendant issued a final denial letter relying on Dr. Grattan, Dr. Houghton and Dr. Natarajan's reports. (LIB 47-55).**

170.    Lincoln does not dispute for purposes of the pending cross-motions that, after a full and fair review, it upheld its determination and notified Plaintiff of its decision on appeal by letter dated August 23, 2019.  Lincoln does not dispute that the documents LIB47–55 are contained in the Administrative Record.  Lincoln

refers to those documents and to the entire Administrative Record and objects to Plaintiff's characterization of the documents to the extent incomplete or inconsistent with their actual terms or any part of the Administrative Record.

**171.   Notably Dr. Kalman's report which supported Harris was not mentioned. (LIB 47-55).**

171.   Objection; under the appropriate standard of review in this case, this purported fact constitutes legal argument in that it construes and characterizes documents contained in the Administrative Record.  Lincoln does not dispute that the documents LIB47–55 are contained in the Administrative Record.  Lincoln refers to those documents and to the entire Administrative Record and objects to Plaintiff's characterization of the documents to the extent incomplete or inconsistent with their actual terms or any part of the Administrative Record.

**172.   This lawsuit ensued. (See Complaint).**

172.   Not disputed for purposes of the pending cross-motions.

**173.   During the pendency of this case, Harris continued to submit updated medical records to Defendant as per the Eleventh Circuit guidelines. Levinson v. Reliance Standard Life Ins. Co., 245 F.3d 1321, 1329 (11th Cir. 2001)( "The district court noted that Levinson continued to provide proof of his continuing total disability throughout the litigation.").**

173.   Not disputed for purposes of the pending cross-motions.

## II.   FACTS CONTAINED IN ARGUMENT AND CITATION OF AUTHORITY

### A.   STANDARD OF REVIEW

**174.   In this case, there does not appear to be any discretionary language in the plan. (LIB 1455-1551).**

174.   Not disputed for purposes of the pending cross-motions.

**175.   This is likely due to the fact that this policy is governed by the laws of California and was issued on January 1, 2015. (LIB 1458).**

175.   Not disputed for purposes of the pending cross-motions.

**176.   California outlawed discretion in disability insurance policies effective January 1, 2012. Cal. Ins. Code § 10110.6 (West).**

176.   Not disputed for purposes of the pending cross-motions.

### 1.   DEFENDANT'S DECISION WAS DE NOVO WRONG

**177.   Finally, one of Defendant's own doctors, Dr. Kalman, reviewed the file and agreed that Harris was totally disabled. (LIB 659-666).**

177.   Objection; under the appropriate standard of review in this case, this purported fact constitutes legal argument in that it construes and characterizes documents contained in the Administrative Record.  Lincoln does not dispute for purposes of the pending cross-motions that Dr. Arthur Kalman, who is board-certified in physical medicine and rehabilitation, reviewed the medical evidence and prepared a peer review report dated October 13, 2019.  However, Dr. Kalman's report pre-dates the relevant time period for Lincoln's determination by

almost two years.  Lincoln does not dispute that the documents LIB659–66 are contained in the Administrative Record.  Lincoln refers to those documents and to the entire Administrative Record and objects to Plaintiff's characterization of the documents to the extent incomplete or inconsistent with their actual terms or any part of the Administrative Record.

Respectfully Submitted,
LINCOLN LIFE ASSURANCE
COMPANY OF BOSTON,
By its Attorneys,

/s/  Scott K. Pomeroy
Scott K. Pomeroy
Georgia Bar No. 583296
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
One Boston Place, Suite 3500
Boston, MA 02108
207-387-2961 direct
207-387-2986 fax
Email: scott.pomeroy@ogletree.com

/s/  Amy E. Jensen
Amy E. Jensen
Georgia Bar No. 874759
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
191 Peachtree Street, N.E., Ste. 4800
Atlanta, Georgia 30303
404-870-1796 direct
404-870-1732 fax
Email: amy.jensen@ogletree.com

Dated: December 4, 2020

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

VIRGIL HARRIS,
     Plaintiff,

v.

LINCOLN LIFE ASSURANCE
COMPANY OF BOSTON,
     Defendant.

CIVIL ACTION NO.:
1:19-cv-4257-CC

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 4th day of December 2020, the foregoing **Defendant's Response to Plaintiff's Local Rule 56.1 Statement of Undisputed Material Facts** was filed electronically with the Clerk of Court using the CM/ECF system, which will automatically serve an electronic copy on the following attorney(s) of record:

Heather K. Karrh
Rogers, Hofrichter & Karrh, LLC
225 South Glynn Street, Suite A
Fayetteville, GA 30214
hkarrh@rhkpc.com

/s/  Scott K. Pomeroy
Scott K. Pomeroy
Georgia Bar No. 583296

45156426.1

106