[PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-13186

_____

VIRGIL HARRIS,

Plaintiff-Appellant,

*versus*

THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,
LINCOLN LIFE ASSURANCE COMPANY OF BOSTON,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:19-cv-04257-CC

_____

Before JORDAN and ROSENBAUM, Circuit Judges, and STEELE,[*] District Judge.

JORDAN, Circuit Judge:

Under the Employment Retirement Income Security Act, 29 U.S.C. § 1132(a)(1)(B), a plan administrator's benefits decision is subject to plenary review in federal court unless the administrator is given discretion to determine eligibility or construe the terms of the plan. *See Aetna Health, Inc. v. Davila*, 542 U.S. 200, 210 (2004); *Gilley v. Monsanto Co., Inc.*, 490 F.3d 848, 856 (11th Cir. 2007). If the administrator has discretion, a court determines whether its benefits decision was arbitrary and capricious (i.e., whether it lacked a reasonable basis). *See, e.g., Glazer v. Reliance Standard Life Ins. Co.*, 524 F.3d 1241, 1246 (11th Cir. 2008).[1]

In this ERISA case, everyone agrees that Lincoln's denial of long-term disability benefits to Virgil Harris triggered de novo review because the plan did not give Lincoln discretion. The district court, acknowledging that its review of the denial was plenary, ruled that Mr. Harris could not submit evidence that had not been

---

[*] The Honorable John Steele, United States District Judge for the Middle District of Florida, sitting by designation.

[1] If the administrator both evaluates claims for benefits and pays benefits out of its own pocket, it has a conflict of interest, and that conflict is considered as a factor in determining whether a denial was arbitrary and capricious. *See Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105, 112–19 (2008). There is no such conflict in this case.

presented to Lincoln before it denied benefits in August of 2019. As a result, when the court granted Lincoln's motion for judgment on the administrative record, it did not consider an affidavit and updated medical records which post-dated the denial of benefits.

The district court's evidentiary ruling constituted error under Eleventh Circuit precedent. We therefore reverse and remand for further proceedings.

## I

"[A] denial of benefits challenged under [29 U.S.C.] § 1132(a)(1)(B) is to be reviewed under a de novo standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989). Relevant to our analysis is whether the de novo standard—which applies here—forbids, requires, or simply allows a district court to consider evidence outside the administrative record. As far as we can tell, our sister circuits are divided on the issue.

On one end of the spectrum, some circuits have instructed district courts to remain within the bounds of the administrative record. *See, e.g., Perry v. Simplicity Eng'g*, 900 F.2d 963, 966 (6th Cir. 1990) ("In the ERISA context, the role of the reviewing federal court is to determine whether the administrator or fiduciary made a correct decision, applying a de novo standard. Nothing in the legislative history suggests that Congress intended that federal district courts would function as substitute plan administrators, a role

they would inevitably assume if they received and considered evidence not presented to administrators concerning an employee's entitlement to benefits."). These circuits perceive no difference between de novo review and arbitrary and capricious review with respect to what evidence can be considered. *See e.g., Ariana M. v. Humana Health Plan of Tex., Inc.*, 884 F.3d 246, 256 (5th Cir. 2018) (en banc) (explaining that "limiting the district court record to what was before the administrator" makes sense in the de novo context as well as the abuse of discretion context).

In the middle of the spectrum, some circuits generally limit the scope of the record to what was before the administrator but allow for the introduction of new evidence under certain circumstances. *See, e.g., Quesinberry v. Life Ins. Co. of N. Am.*, 987 F.2d 1017, 1026–27 (4th Cir. 1993) (en banc) ("[W]e conclude that courts conducting de novo review of ERISA benefits claims should review only the evidentiary record that was presented to the plan administrator or trustee except where the district court finds that additional evidence is necessary for resolution of the benefit claim."); *Dorris v. Unum Life Ins. Co. of Am.*, 949 F.3d 297, 304 (7th Cir. 2020) ("The court can limit itself to deciding the case on the administrative record but should also freely allow the parties to introduce relevant extra-record evidence and seek appropriate discovery."); *Donatelli v. Home Ins. Co.*, 992 F.2d 763, 765 (8th Cir. 1993) ("[T]o keep district courts from becoming substitute plan administrators, the district court should not exercise [its] discretion [to admit extra-

record evidence] absent good cause to do so."); *Mongeluzo v. Baxter Travenol Long Term Disability Ben. Plan*, 46 F.3d 938, 944 (9th Cir. 1995) ("In [certain] circumstances . . . additional evidence is necessary to conduct an adequate de novo review of the benefit decision" but "[w]e emphasize that a district court should not take additional evidence merely because someone at a later time comes up with new evidence that was not presented to the plan administrator[.]"); *Jewell v. Life Ins. Co. of N. Am.*, 508 F.3d 1303, 1308–09 (10th Cir. 2007) (explaining that new evidence can only be considered in limited circumstances).

On the other end of the spectrum, some circuits hold that de novo review requires district courts to consider *all* relevant evidence, irrespective of whether it was presented to the administrator. *See, e.g., Luby v. Teamsters Health, Welfare, & Pension Tr. Funds*, 944 F.2d 1176, 1184 (3d Cir. 1991) ("Limiting the review of an ERISA benefit decision to evidence before the administrator . . . makes little sense . . . when a plan administrator's decision is reviewed de novo."); *Doe v. United States*, 821 F.2d 694, 697–98 (D.C. Cir. 1987) ("De novo means . . . a fresh, independent determination of 'the matter' at stake; the court's inquiry is not limited to or constricted by the administrative record, nor is any deference due the agency's conclusion."). As explained below, we land on this end of the spectrum.

We have described the ERISA remedies available under 29 U.S.C. § 1132(a)(1)(B)—including a civil action "to recover bene-

fits"—as "akin to common law breach of contract causes of action[.]" *Jones v. Am. Gen. Life & Accident Ins. Co.*, 370 F.3d 1065, 1069 (11th Cir. 2004). *See also Klaas v. Allstate Ins. Co.*, 21 F.4th 759, 766 (11th Cir. 2021) (same). In two ERISA cases involving plenary review, we have held that the parties can present evidence which was not before the administrator when it denied benefits. *See Moon v. Am. Home Assurance Co.*, 888 F.2d 86, 89 (11th Cir. 1989) ("American Home's contention that a court conducting a de novo review must examine only such facts as were available to the plan administrator at the time of the benefits denial is contrary to the concept of a de novo review."); *Kirwan v. Marriott Corp.*, 10 F.3d 784, 789 (11th Cir. 1994) (applying plenary review and reversing summary judgment in favor of administrator because the evidence—including some post-denial evidence—created genuine issues of material fact as to the plaintiff's disability: "In this circuit, a district court conducting a de novo review of an [a]dministrator's benefits determination is not limited to the facts available to the Administrator at the time of the determination."). And we have reaffirmed that principle in other cases. *See, e.g., Shaw v. Conn. Gen. Life Ins. Co.*, 353 F.3d 1276, 1284 n.6 (11th Cir. 2003) ("As a rule, de novo review permits the parties to put before the district court evidence beyond that which was presented to the administrator at the time the denial decision was made.").

*Moon* and *Kirwan* have not been abrogated by the Supreme Court. Nor have they been overruled by an en banc opinion of this court. As a result, they remain binding precedent. *See, e.g., United*

*States v. Sneed*, 600 F.3d 1326, 1332 (11th Cir. 2010) ("Under [the prior panel precedent] rule, a prior panel's holding is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this court sitting en banc.").

The district court excluded Mr. Harris' post-denial evidence based on *Glazer*, 524 F.3d at 1246, and *Blankenship v. Metro. Life Ins. Co.*, 644 F.3d 1350, 1354 (11th Cir. 2011). *See* D.E. 55 at 2–3 ("[W]hile conducting a de novo review. . . I have determined that the court is limited to the administrative record."). Those two cases do say that review is limited to the administrative record, but they both involved arbitrary and capricious review, not de novo review. *See Glazer*, 524 F.3d at 1246; *Blankenship*, 644 F.3d at 1356. And that makes all the difference because under ERISA "the standard of review employed . . . ha[s] an impact on evidentiary issues." Ilene H. Ferenczy & Alison J. Cohen, ERISA: A Comprehensive Guide § 8.03[*I*] at 8-26 (7th ed. 2022). *See also* Jaime Ruth Ebenstein & Mark E. Schmidtke, DRI ERISA Litig. Primer, Ch. 4: Standard of Review (2021) (noting that the ERISA standard of review "dictates the scope of evidence a court may consider in reviewing a fiduciary's decision"). [2]

---

[2] Another case cited by Lincoln National, *Alexandra H. v. Oxford Health Ins., Inc. Freedom Access Plan*, 833 F.3d 1299, 1303, 1312 (11th Cir. 2016), also involved a plan which gave the administrator discretion to make decisions as to benefits. Here the plan does not provide Lincoln with discretion, and that makes *Alexandra H.* distinguishable.

We limit review to the administrative record "[w]hen conducting a review of an ERISA benefits denial under an arbitrary and capricious standard" because "the function of the court [in such a case] is to determine whether there was a reasonable basis for the decision, based upon the facts as known to the administrator at the time the decision was made." *Jett v. Blue Cross & Blue Shield of Ala., Inc.*, 890 F.2d 1137, 1139 (11th Cir. 1989). Indeed, if the plaintiff in a case governed by the arbitrary and capricious standard wants to introduce "additional information that might affect the determination of eligibility for benefits, the proper course [is] to remand to [the administrator] for a new determination." *Id.* at 1140. *See also Shannon v. Jack Eckerd Corp.*, 113 F.3d 208, 210 (11th Cir. 1997) ("The district court remanded the matter to the [p]lan administrator for a new determination based upon all relevant evidence including subsequently available evidence."). But when conducting de novo review, "the district court's charge [is] to put itself in the agency's place, to make anew the same judgment earlier made by the agency[.]" *Doe*, 821 F.2d at 698.[3]

In sum, though some courts have chosen to limit the scope of the record when review is plenary, we have not. The district court's evidentiary ruling was mistaken under our precedent.

---

[3] As Judge Easterbrook has explained for the Seventh Circuit, "'de novo review' is a misleading phrase" because "what *Firestone* requires is not 'review' of any kind; it is an independent *decision* rather than 'review' that *Firestone* contemplates." *Krolnik v. Prudential Ins. Co. of Am.*, 570 F.3d 841, 843 (7th Cir. 2009).

21-13186                 Opinion of the Court                 7

## II

Lincoln makes several arguments as to why the district court properly excluded Mr. Harris' post-denial evidence. For the reasons which follow, we do not find them persuasive.

## A

Seeking to avoid the holdings of *Moon* and *Kirwan*, and the language in *Shaw*, Lincoln asserts that these decisions have been abrogated by later ERISA cases creating a multi-step analytical approach for resolving challenges to the denial of benefits. *See, e.g., Williams v. BellSouth Telecomms., Inc.*, 373 F.3d 1132, 1137–38 (11th Cir. 2004); *Blankenship*, 644 F.3d at 1354–55. There are two problems with this contention.

First, though cases like *Williams* and *Blankenship* set out a sequential process for resolving ERISA cases, they do not speak to what evidence a district court can consider when review is de novo. They are therefore not on point and do not undermine *Moon* or *Kirwan*.

Second, even if *Williams* and *Blankenship* could be read to hold that new evidence cannot be considered even when the denial of benefits is subject to plenary review, *Moon* and *Kirwan* would still control. Where there is an intra-circuit conflict on a legal issue and the cases cannot be reconciled, the earliest case governs. *See S.E.C. v. Ginsburg*, 362 F.3d 1292, 1298 (11th Cir. 2004) (citing cases). And here those earlier cases are *Moon* and *Kirwan*.

## B

Lincoln also argues that even under *Moon* and *Kirwan* an ERISA plaintiff does not have the unfettered right to introduce new evidence when challenging the denial of benefits under plenary review. It points out that other circuits have required a showing akin to good cause before new evidence can be submitted to a district court. *See, e.g., Quesinberry*, 987 F.2d at 1025–27; *Jewell*, 508 F.3d at 1308–09.

We have never mentioned, much less demanded, a showing of good cause to present new evidence in ERISA benefit cases governed by the de novo standard. But even assuming that our cases allow for that sort of requirement, the district court here did not make any pronouncements or findings about good cause. It simply issued a broad ruling, based on *Glazer* and *Blankenship*, that review was limited to the record before the administrator at the time of the benefits denial. And that ruling, as we have explained, was incorrect under *Moon* and *Kirwan*. [4]

## C

Finally, Lincoln maintains that under plenary review the administrative record supports the denial of long-term disability benefits to Mr. Harris. We cannot, however, affirm on this basis.

---

[4] We do not suggest that the parties in ERISA benefit cases governed by the de novo standard are free to disregard a district court's scheduling order with respect to when the evidentiary record is deemed closed. De novo review is not an invitation for unending continuous review.

21-13186               Opinion of the Court                        9

As *Moon* and *Kirwan* make clear, when review is de novo the parties can introduce evidence outside of the administrative record.  The district court erred by not considering Mr. Harris' post-denial evidence, and Lincoln does not assert that this error was harmless.  *See* 28 U.S.C. § 2111; FED. R. CIV. P. 61.  In some contexts, we "have the discretion" to conduct a *sua sponte* harmless error analysis, *see Horsley v. Alabama*, 45 F.3d 1486, 1492 n.10 (11th Cir. 1995), but that discretion is not an obligation and we choose not to assess the matter of prejudice here without briefing.

### III

We reverse the district court's judgment in favor of Lincoln and remand for proceedings consistent with our opinion.

**REVERSED AND REMANDED.**

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

July 29, 2022

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number:  21-13186-JJ
Case Style:  Virgil Harris v. The Lincoln National Life Insurance Company, et al
District Court Docket No:  1:19-cv-04257-CC

Electronic Filing

All counsel must file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause. Although not required, non-incarcerated pro se parties are permitted to use the ECF system by registering for an account at www.pacer.gov. Information and training materials related to electronic filing are available on the Court's website. Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1 .

Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for writ of certiorari (whichever is later) via the eVoucher system. Please contact the CJA Team at (404) 335-6167 or cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

Pursuant to Fed.R.App.P. 39, <u>costs taxed against the appellees</u>.

Please use the most recent version of the Bill of Costs form available on the court's website at <u>www.ca11.uscourts.gov.</u>

For questions concerning the issuance of the decision of this court, please call the number referenced in the signature block below. For all other questions, please call <u>Tiffany A. Tucker, JJ</u> at <u>(404)335-6193</u>.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Djuanna H. Clark
Phone #: 404-335-6151

OPIN-1A Issuance of Opinion With Costs