**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| VIRGIL HARRIS ) | |
| ) | |
|     Plaintiff ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | FILE NO. 1:19-cv-04257-TWT |
| THE LINCOLN NATIONAL LIFE ) | |
| INSURANCE COMPANY ) | |
| ) | |
|     Defendant ) | |

**JOINT PRELIMINARY REPORT AND DISCOVERY PLAN**

**1.    Description of Case:**

(a) Describe briefly the nature of this action:

Plaintiff, VIRGIL HARRIS ( "Plaintiff") brought this lawsuit for long term disability benefits under a group insurance policy issued by THE LINCOLN NATIONAL LIFE INSURANCE COMPANY ("Defendant") which is governed by the Employee Retirement Income Security Act of 1974 ("ERISA").

(b) Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.

Plaintiff was employed by Robert Half International, Inc. as an accounting consultant. Defendant issued a policy of long-term disability insurance to

1

Plaintiff's employer to fund, in part, the employer's employee welfare benefits plan. Plaintiff stopped working on or about October 14, 2016, claiming that he was disabled due to certain medical conditions. Plaintiff filed a claim for long-term disability benefits. On April 30, 2019, Defendant advised Plaintiff that benefits were not payable beyond that date. Plaintiff took the required number of appeals required by the Plan and filed this action.

Plaintiff filed suit in this Court. On August 20, 2021, this Court, Senior Judge Cooper presiding, granted Defendant's dispositive motion and denied Plaintiff's dispositive motion. This Court ruled on *de novo* review: Plaintiff was limited to the record compiled by the administrator; based on the administrative record, Defendant's determination was *de novo* correct; and therefore, Plaintiff was not entitled to benefits. Plaintiff appealed this decision to the Eleventh Circuit which reversed and remanded the case. On October 12, 2022, the mandate was issued.

(c) The legal issues to be tried are as follows:

(1) Whether Lincoln's determination to terminate benefits was *de novo* correct.

(2) Whether either party may recover attorney's fees.

(d) The cases listed below are:

(1) Pending Related Cases: None

(2) Previously Adjudicated Related Cases: None

**2.   This case is complex because it possesses one or more of the features listed below (please check):**   None apply.   This case is not complex.

\_\_\_\_\_(1)     Unusually large number of parties

\_\_\_\_\_(2)     Unusually large number of claims or defenses

\_\_\_\_\_(3)     Factual issues are exceptionally complex

_____     (4)     Greater than normal volume of evidence

_____     (5)     Extended discovery period is needed

_____     (6)     Problems locating or preserving evidence

\_\_\_\_\_(7)     Pending parallel investigations or action by government

\_\_\_\_\_(8)     Multiple use of experts

\_\_\_\_\_(9)     Need for discovery outside United States boundaries

\_\_\_\_\_(10)   Existence of highly technical issues and proof

**3.     <u>Counsel:</u>**

The following individually-named attorneys are hereby designated as lead counsel for the parties:

Plaintiff:     Heather Karrh

Defendant:   Scott Pomeroy

**4.    Jurisdiction:**

Is there any question regarding this Court's jurisdiction?

( )    Yes        ( X )    No

If "yes", please attach a statement, not to exceed one (1) page, explaining the jurisdictional objection.    When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based.    Each objection should be supported by authority.

**5.    Parties To This Action:**

(a)    The following persons are necessary parties who have not been joined:

None

(b)    The following persons are improperly joined as parties:

None.

(c)    The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:

The record may need correction to indicate that the correct Defendant in this case is "The Lincoln National Life Insurance Company."    At the time Plaintiff initially filed suit, Plaintiff named The Lincoln National Life Insurance Company as the defendant; however, at that time, the proper defendant in interest was Lincoln Life Assurance Company of Boston, a wholly-owned subsidiary.    By this Court's

order of October 22, 2020, Lincoln Life Assurance Company of Boston was substituted as defendant for The Lincoln National Life Insurance Company. *See* ECF Doc. #31. Effective September 30, 2021, however, Lincoln Assurance Company of Boston was merged into The Lincoln National Life Insurance Company. Therefore, The Lincoln National Life Insurance Company is now the correct defendant in this action.

(d) The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of the parties or errors in the statement of a party's name.

**6.** **Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15. Further instructions regarding amendments are contained in LR 15.

(a) List separately any amendments to the pleadings which the parties anticipate will be necessary:

None.

(b) Amendments to the pleadings submitted LATER THAN 30 DAYS after the preliminary report and discovery schedule is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

**7.      Filing Times for Motions:**

All motions should be filed as soon as possible.   The local rules set specific filing limits for some motions.   These times are restated below.

All other motions must be filed WITHIN 30 DAYS after the preliminary report and discovery schedule is filed or should have been filed, unless the filing party has obtained prior permission of the Court to file later.   Local Rule 7.1A(2).

**Discovery begins December 12, 2022.   In case discovery becomes necessary (see below), the parties request that this case be placed on a 4-month discovery track.**

(a)      Motions to Compel:    before the close of discovery or within the extension period allowed in some instances.   Local Rule 37.1.

(b)      Summary Judgment Motions:   within thirty (30) days after the close of discovery, unless otherwise permitted by court order.   Local Rule 56.1.   **As discussed below, the Parties are conferring with respect to a potential agreement to streamline this proceeding by agreeing to the contents of an expanded record (in lieu of discovery) and then asking the Court to decide the case on the papers, based on that expanded record.**

(c)      Other Limited Motions:   Refer to Local Rules 7.2, 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal,

emergency motions, and motions for reconsideration.

(d)    Motions Objecting to Expert Testimony:   Daubert motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted.

## 8.    <u>Initial Disclosures:</u>

This is an ERISA benefit dispute, to be decided under ERISA's *de novo* standard of review.   The parties are conferring with respect to a potential agreement to streamline this proceeding on remand by agreeing to the contents of an expanded record (in lieu of discovery and initial disclosures) and then asking the Court to decide the case on the papers, based on that expanded record.

However, Plaintiff requires additional time to obtain certain additional medical records.   Accordingly, the Parties propose Plaintiff be given until December 30, 2022, to disclose to Defendant all additional documents that he proposes to add to the existing record.   Defendant shall then notify Plaintiff as to any disagreement as to those documents or any proposal to add other additional documents to the record by January 31, 2023.   The parties will file a Status Report with the Court by February 28, 2023, setting forth either a proposed briefing schedule for the disposition of the case (if they have reached an agreement) or a statement that they will need to conduct discovery (if they have not reached an

agreement).

9.    **Request for Scheduling Conference:**

Does any party request a scheduling conference with the Court?  If so, please state the issues which could be addressed and the position of each party.

The parties do not request a scheduling conference with the Court at this time.  However, if the parties are unable to agree to the contents of an expanded record and thus are required to engage in discovery instead, they may, at the time of their proposed February 28, 2023 Status Report, need to request a scheduling conference.

To the extent the Court requires a Scheduling Conference, the parties request that they be permitted to appear at the conference by telephone or by video.

10.    **Discovery Period**:

The discovery period commences thirty (30) days after the appearance of the first defendant by answer to the complaint.  As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this Court are assigned to one of the following three (3) discovery tracks:  (a)zero  (0)-months discovery period, (b) four (4)-months discovery period, and (c) eight (8)-months discovery period.  A chart showing the assignment

8

of cases to a discovery track by filing category is contained in Appendix F.  The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery maybe needed:

As discussed above, the parties are conferring with respect to a potential agreement to streamline this proceeding by agreeing to the contents of an expanded record (in lieu of discovery) and then asking the Court to decide the case on the papers, based on that expanded record.  To the extent the parties can reach an agreement, no further discovery will be necessary.  To the extent the parties cannot reach an agreement, and require discovery, they will set forth the subjects for discovery in their proposed February 28, 2023 Status Report.

**11.    Discovery    Limitation    and    Discovery    of    Electronically    Stored Information:**

(a)   What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?

(b) Is any party seeking discovery of electronically stored information?

____X____     Yes                _____ No

If "yes,"

(1) The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witness) as follows:

To the extent discovery may be required, the parties have discussed the possibility of electronically stored information and do not anticipate any problems with this issue.

(2) The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image file Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:

To the extent discovery may be required, the parties have discussed the format for the production of electronically stored information and do not anticipate any problems with this issue.

## 12. **Other Orders:**

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

As discussed above, the parties are conferring with respect to a potential agreement to streamline this proceeding on remand by agreeing to the contents of

an expanded record (in lieu of discovery) and then asking the Court to decide the case on the papers, based on that expanded record. At this time, they ask the Court to set dates for Plaintiff's disclosure for proposed additions to the record, Defendant's response, and a Status Report to the Court advising whether or not additional discover is required.

**13.** **<u>Settlement Potential</u>.**

(a) Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on November 8, 2022. Other persons who participated in the settlement discussions are listed according to party.

(b) All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

( X )  A possibility of settlement before discovery.

( X )  A possibility of settlement after discovery.

(    )  A possibility of settlement, but a conference with the judge is needed.

(    )  No possibility of settlement.

(c)  Counsel (X) do or (    ) do not intend to hold additional settlement conferences amongst themselves prior to the close of discovery.

(d)  The following specific problems have created a hindrance to settlement of this case:

11

None.

## 14.   Trial by Magistrate Judge:

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a)   The parties (_____) do consent to having this case tried before a magistrate judge of this Court.  A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this _____day of _____, 2022.

(b)   The parties ( X ) do not consent to having this case tried before a magistrate judge of this court.

Respectfully Submitted this_____ day of November, 2022.


*/s/Scott Pomeroy*
Scott Pomeroy
Georgia Bar No. 583296
OGLETREE, DEAKINS, NASH,
    SMOAK & STEWART, PC
One Boston Place
Suite 3500
(207) 387-2961 (telephone)
(207) 387-2986 (facsimile)
scott.pomeroy@ogletree.com
Attorney for Defendant

*/s/Heather K. Karrh*
Heather K. Karrh
Georgia Bar No. 408379
ROGERS, HOFRICHTER & KARRH, LLC
225 S. Glynn Street, Suite A
Fayetteville, GA 30214
(770)460-11118 (telephone)
(770)460-1920 (facsimile)
Hkarrh@RHKPC.com
Attorney for Plaintiff

12

*******************

## **SCHEDULING ORDER**

Upon review of the information contained in the Preliminary Report and Discovery Schedule form completed and filed by the parties, the court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as stated in the above completed form, except as herein modified:

The Parties propose that the Court order:   Plaintiff shall be given until December 30, 2022, to disclose to Defendant all additional documents that he proposes to add to the existing administrative record.   Defendant shall be given until January 31, 2023, to notify Plaintiff as to any disagreement as to those documents and/or disclose any additional documents it proposes to add to the record.   The parties shall file a Status Report with the Court by February 28, 2023, setting forth either a proposed briefing schedule for the disposition of the case (if they have reached an agreement as to the contents of the record) or a statement that they will need to conduct discovery and describing the discovery to be completed (if they have not reached such an agreement).

IT IS SO ORDERED, this ____day of _____, 2022.

13

**THOMAS W. THRASH, JR.**
**UNITED STATES DISTRICT JUDGE**