**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

VIRGIL HARRIS,
     Plaintiff,

v.

THE LINCOLN NATIONAL LIFE
INSURANCE COMPANY,
     Defendant.

CIVIL ACTION NO.:
1:19-cv-4257-TWT

## DEFENDANT'S NOTICE OF PROPOSED RECORD ADDENDUM

Pursuant to this Court's Order of March 14, 2023, establishing procedures

for the disposition of this ERISA benefits case under Rule 52 (ECF Doc. #65),

Defendant The Lincoln National Life Insurance Company ("Lincoln") hereby

submits its Proposed Record Addendum, consisting of the additional documents

(beyond the existing Administrative Record) that Lincoln believes should be

included in the expanded record to be considered by the Court on *de novo* review.

Lincoln's Proposed Record Addendum contains documents Bates numbered

LIN SUPP 001 through LIN SUPP 24, and consists of supplemental medical

consultant evaluations that consider Plaintiff's medical evidence in light of the

1,218 additional pages (beyond the existing Administrative Record) that Plaintiff

1

submitted to the Court as his Proposed Record Addendum on April 12, 2023. *See* ECF Doc. #67.

The Parties' respective cross-motions to determine the contents of the expanded record are not due until July 27, 2023, *see* ECF Doc. #69, and Lincoln reserves its right to further respond to the waiver arguments prematurely raised by Plaintiff in his Proposed Record Addendum filing. *See* ECF Doc. #67. Briefly, however, and contrary to Plaintiff's contentions, Lincoln has not waived its right to submit additional evidence. Plaintiff's waiver argument erroneously conflates the procedural posture of Shaw v. Connecticut Gen, Life Ins. Co., 353 F.3d 1276 (11th Cir. 2003), and the specifics of that court's ruling, with the very different posture and circumstances of this case. Plaintiff also makes no attempt to show the essential elements of waiver, all of which are utterly lacking here.

The Shaw case stands for the unremarkable proposition that a party that fails to raise an argument in the district court may not later raise that argument for the first time in the court of appeals. *Id.*, 353 F.3d at 1284 n.6. There, while in the district court, the defendant failed to appeal an adverse ruling by a magistrate judge that denied its request to limit discovery to the administrative record. Having failed to either timely object the magistrate's ruling in the district court or to heed that ruling by conducting discovery within the time allowed, the Eleventh Circuit

2

said the defendant could not thereafter challenge the adverse determination for the first time or seek an order to re-open discovery on appeal. In support, the Shaw court cited Onishea v. Hopper, 171 F.3d 1289, 1305 (11th Cir. 1999), a case where the court similarly declined to consider a party's new arguments raised for the first time on appeal.

Here, by contrast, this case is not pending on appeal, and by its submission of this Proposed Record Addendum, Lincoln has not raised (and is not raising) any new argument on appeal. Rather, Lincoln is properly submitting additional medical opinion evidence that responds to the updated medical records and other new materials that Plaintiff now seeks to introduce in light of the Eleventh Circuit's mandate that this court consider "*__all__* relevant evidence, irrespective of whether it was presented to the administrator," Harris v. Lincoln Nat'l Life Ins. Co., 42 F.4th 1292, 1295 (11th Cir. 2022) (emphasis in original).

Moreover, Lincoln's submission of its Proposed Record Addendum is entirely in accordance with this Court's ordered procedure for disposition of this case under Rule 52, a procedure to which the Parties stipulated. *See* ECF Docs. #65 and #66. Plaintiff has not asserted, much less shown, that Lincoln at any time voluntarily and intentionally relinquished any known right to submit or seek to introduce rebuttal evidence in response to new evidence that the Eleventh Circuit's

decision might allow Plaintiff to introduce on remand.  *See*, *e.g*., <u>Witt v. Metropolitan Life Ins. Co.</u>, 772 F.3d 1269, 1279 (11th Cir. 2014) (defining "waiver" as "the voluntary, intentional, relinquishment of a known right") (internal quotation omitted).

<div style="margin-left:40%">

Respectfully submitted,

THE LINCOLN NATIONAL LIFE
INSURANCE COMPANY,
By its Attorneys,

/s/  Scott K. Pomeroy
Scott K. Pomeroy
Georgia Bar No. 583296
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
One Boston Place, Suite 3500
Boston, MA 02108
207-387-2961 direct
207-387-2986 fax
Email: scott.pomeroy@ogletree.com

</div>

Dated:  May 12, 2023

4

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

VIRGIL HARRIS,
    Plaintiff,

v.

THE LINCOLN NATIONAL LIFE
INSURANCE COMPANY,
    Defendant.

CIVIL ACTION NO.:
1:19-cv-4257-TWT

## CERTIFICATE OF SERVICE

I hereby certify that on this the 12nd day of May 2023, the foregoing **Defendant's Notice of Proposed Record Addendum** was filed electronically with the Clerk of Court using the CM/ECF system, which will automatically serve an electronic copy on the following attorney(s) of record:

Heather K. Karrh
Rogers, Hofrichter & Karrh, LLC
225 South Glynn Street, Suite A
Fayetteville, GA 30214
hkarrh@rhkpc.com

/s/  Scott K. Pomeroy
Scott K. Pomeroy
Georgia Bar No. 583296

5